## BANK OF DES ARC *v.* MOODY.

### Opinion delivered November 3, 1913.

1. REVIVOR—DEATH OF PARTY—LAPSE OF TIME.—Where a year has elapsed since the death of one of the appellees in a cause, under Kirby's Digest, § 6313, the cause can not be revived as to him except by consent. (Page 41.)

2. BANKS AND BANKING—LIABILITY OF DIRECTORS.—Where the cashier of a bank made a number of bad loans, and the directors were guilty of negligence in not managing the affairs of the bank and controlling the action of the cashier, the directors will be held liable, not only to the creditors who are unable to enforce their rights against the bank, but to the stockholders thereof, whose stock was rendered worthless on account of the losses sustained by the bank. (Page 41.)

3. BANKS AND BANKING—LIABILITY OF DIRECTORS.—Where one V. was, without his knowledge, elected a director of a bank, and never received notice of such fact, and never acted in the capacity of a director, he is not liable for losses sustained by the bank, due to mismanagement. (Page 42.)

4. CORPORATIONS—LIABILITY OF STOCKHOLDERS ON UNPAID SUBSCRIPTIONS.—A stockholder in a corporation, who has not paid for his

stock, is liable to creditors and other stockholders, to pay in the same to the corporation. (Page 42.)

5.  CORPORATIONS—UNPAID STOCK SUBSCRIPTIONS—EQUITY.—A court of equity is the appropriate forum to enforce the right of the stockholder who has paid, against one who is in default in the payment of his subscription, when the corporation has ceased to perform its functions. (Page 43.)

6.  APPEAL AND ERROR—INCOMPLETE RECORD—PRESUMPTION.—When the record is incomplete, the presumption ordinarily arises that the omissions were sufficient to support the findings of the chancellor, but such presumption will not be indulged when the omissions from the record consist of the absence of exhibits which could not have any probative force in determining the issues in the case. (Page 44.)

Appeal from Prairie Chancery Court; *John M. Elliott,* Chancellor; reversed in part.

*W. A. Leach,* for appellants.

*S. Brundidge* and *J. W. & J. W. House, Jr.,* for appellees.

McCULLOCH, C. J.   This is an action instituted in the chancery court of Prairie County by A. L. Moody, Ed McElwee and E. C. Blakemore against the Bank of Des Arc and G. W. Edmondson and others, directors thereof, and the Des Arc Bank & Trust Company.

The plaintiffs were stockholders in the Bank of Des Arc, and paid in 40 per cent. of the amount of stock subscribed.   The bank suspended business and went into liquidation, and after its affairs were wound up and the creditors paid, only a small part of the assets were left to be distributed among the stockholders.   Some of the assets were sold to the Des Arc Bank & Trust Company, a new banking corporation organized by some of the stockholders of the old bank.

The charge is made that the directors were guilty of negligence in failing to direct the cashier in the management of the affairs of the bank, thereby causing losses which brought about its insolvency.

The chancellor sustained the allegations of the complaint and rendered decree in favor of each of the plain-

tiffs for the amount claimed by each. The defendants appeal to this court.

Since the appeal was lodged here, the defendants have suggested the death of A. L. Moody, one of the plaintiffs, but failed to give notice of the motion to revive or to prosecute such motion. A year has been allowed to elapse since the death of Moody, and under the statute it is too late to revive as to him except by consent. Kirby's Digest, § 6313. The appeal as against appellee Moody is therefore dismissed.

The decree in favor of the plaintiffs is against the Bank of Des Arc, G. W. Edmondson, Emmett Vaughan, J. T. Bogard, J. R. B. Moore, as directors, and against the Des Arc Bank & Trust Company.

There is nothing in the record justifying the decree against the Des Arc Bank & Trust Company, for that concern is not shown to have had any connection with the defunct Bank of Des Arc except to purchase some of the assets. The decree as to that defendant is, therefore, reversed and the cause dismissed.

One of the allegations of the complaint is, as before stated, that the directors of the bank "negligently and purposely failed and neglected to give attention to, or take any control in, the management of the said bank and its affairs," and allowed the cashier to recklessly dissipate the assets in making bad loans. This charge is sustained by the evidence, for it is undisputed that a lot of bad loans were made by the cashier, and that the directors were guilty of negligence in not managing the affairs of the bank and controlling the action of the cashier.

Under the doctrine laid down by this court in the case of *Bailey* v. *O'Neal,* 92 Ark. 327, this rendered the directors liable, not only to the creditors who were defeated in the enforcement of their rights against the bank, but also as to the stockholders whose stock was rendered worthless on account of the losses sustained by the bank.

The proof shows that only two of the persons against whom the chancery court rendered decrees were

directors in the Bank of Des Arc. These two are defendants G. W. Edmondson and J. R. B. Moore, who, according to the undisputed evidence, were directors, and as to them the decree is affirmed.

There is no attempt to show that defendant Bogard was a director, or in any way responsible for the losses sustained by the bank. The decree as to defendant Bogard is therefore reversed and the complaint as to him is dismissed for want of equity.

The record shows that defendant Vaughan was elected one of the directors, but he testified that he was not present at the meeting, and never received any notice or information that he was elected a director, and never acted as such and had nothing to do with the management of the bank until he was called in to assist the cashier after the loans were made. His testimony on this point is undisputed, and there is nothing upon which the decree against him, establishing liability on account of any alleged mismanagement of the bank, can be sustained. It appears, however, that defendant Vaughan and several other stockholders never paid any part of their subscriptions to the capital stock, but gave notes therefor, which were afterward cancelled by the directors. The corporation, acting through its directors, had no right to cancel the notes for the stock subscriptions as against creditors nor as against other stockholders who had paid their subscriptions. Those who had paid were, to the extent of their payments on stock, creditors of the corporation, and are entitled to have the liability against other stockholders enforced. Such liability is for the percentage paid in by stockholders, so that the amount can be treated as a part of the assets of the corporation for distribution.

"A subscription to the capital stock of a corporation," says Mr. Helliwell in his work on Stock and Stockholders (§ 292), "constitutes an agreement on the part of the subscriber that, in consideration of the benefits to be derived from membership, he will pay to the corporation the subscription price of his shares at such

time as the articles of incorporation or the contract of subscription may provide; or, if no specific provision is there made, at such time as the amount stated shall be called for by the directors."

A court of equity is the appropriate forum to enforce the right of the stockholder who has paid, against one who is in default in the payment of his subscription where the corporation has ceased to perform its functions. *Fletcher* v. *Bank of Lonoke,* 71 Ark. 1; 1 Cook on Corporations (7 ed.), § 204.

It was not developed in the case what would be the distributive share of the plaintiffs and the additional amount to be paid in by defendant Vaughan and other defaulting stockholders. These are equities that should be adjusted, and as the case was not developed on that theory, it can be sent back for further proof, and for reference to a master if that course be found necessary. *Long* v. *Abeles,* 77 Ark. 156.

The decree as against defendant Vaughan is, therefore, reversed, and the cause remanded for further proceedings against him not inconsistent with this opinion.

### ON REHEARING.

McCULLOCH, C. J. It is shown by the pleadings and undisputed testimony that the distributive shares of appellees in the assets of the defunct bank were deposited to their credit with appellant Des Arc Bank & Trust Company. Appellees declined to accept the amounts so deposited, but sought by this action to recover the amount they had paid, respectively, on subscriptions to stock. There has never been any dispute about their right to the money deposited to their credit with the Des Arc Bank & Trust Company. Those amounts have been subject to their check as depositors. It is now insisted that appellees should, at least, have a decree against the Des Arc Bank & Trust Company for the amount of the deposits. That is not an issue in this case, and we can not render any such decree. If payment should be refused, they would have a right of action as depositors, to recover the amount of the deposits, but that matter can

not now, be brought into this case as an element of liability.

Again it is insisted that the record is incomplete in that the exhibits to the complaint, and one of the answers which were considered by the chancellor are not in the transcript, and that we must indulge the presumption that those things omitted afforded sufficient grounds for the chancellor's finding. That presumption is ordinarily indulged when the record of the evidence is incomplete. But the exhibits could not have had any probative force in determining the issue in the case. The three exhibits to the complaint covered, according to the recitals of the complaint, only the records of the defunct corporation, showing the articles of incorporation, the names of directors and the subscribers to the capital stock. There is no dispute as to what the records show about those matters, and the exhibits had no bearing on the issues involved. It is true that Vaughan denied that he had knowledge of having been elected as a director, or that he acted as such, but he admitted that the record showed that he was duly elected. The only other exhibit omitted from the transcript is the exhibit to the answer of the Des Arc Bank & Trust Company, which the answer shows contained a list of the notes and other evidences of debt purchased from the defunct bank at face value. There is no attempt to show that the Des Arc Bank & Trust Company received assets in excess of the amounts accounted for, or the exhibit showing the list of notes, etc., purchased at face value could not have had any bearing on the case.

We therefore adhere to our former decision, and the petition for rehearing is overruled.