## VAUGHAN *v.* BLAKEMORE.

Opinion delivered July 5, 1915.

CORPORATIONS—SUBSCRIPTION FOR STOCK—FAILURE—LIABILITY ON SUBSCRIP-
TION.—Appellant, with others, purchased stock in a certain bank,
giving his note therefor. Thereafter the bank failed. *Held,* appel-
lant was liable to pay into the bank the amount of his note, the
same to be distributed among other stockholders who had paid
for the stock subscribed in the bank; and where appellant had pur-
chased shares belonging to other stockholders, that stock would
share in the distribution of the amount which he must pay in.

Appeal from Prairie Chancery Court; *John M. El-
liott,* Chancellor; reversed.

*Thomas & Lee,* for appellant.

1. The chancellor failed to follow the directions of
this court, and the decree should be reversed with direc-
tions to enter a decree against appellant, Vaughan, in the
sum of $1,000, and order same to be distributed *pro rata*
between the stockholders. 110 Ark. 39-42.

*Brundidge & Neelly,* for appellee.

There is no error in the decree. The only liability in
this case is for the amount paid in by the stockholders.
110 Ark. 39-42. The suit was brought for the benefit of
plaintiff or any other stockholder. Other creditors were
proper parties, but not necessary parties. 1 Cook on Cor-
porations (4 ed.), par. 205. The other stockholders have
not asked any relief.

WOOD, J. This is the second appeal in this cause.
Appellees Blakemore and McElwee were stockholders in
the Bank of Des Arc. That bank is now defunct. They
had paid in 40 per cent. of the amount of stock subscribed
by them. They, with one A. L. Moody, another stock-
holder since deceased, instituted this suit against G. W.
Edmondson, Emmet Vaughan, J. T. Bogard, and J. R. B.
Moore, as directors, alleging that through the negligence
of the directors the bank was wrecked, and seeking to hold
them liable as directors for the amount paid for their
stock.

When the cause was tried the first time, judgment was rendered in favor of the appellees, and on appeal to this court the judgment of the lower court was affirmed as against G. W. Edmondson and J. R. B. Moore. The appeal was dismissed as to the appellee Moody. The cause was reversed on the former appeal as to the appellant Vaughan, and remanded for further proceedings. The case on the first appeal is reported in 110 Ark. 39.

On the former appeal we said: "It appears, however, that defendant Vaughan and several other stockholders never paid any part of their subscriptions to the capital stock, but gave notes therefor, which were afterward canceled by the directors. The corporation, acting through its directors, had no right to cancel the notes for the stock subscriptions as against creditors nor as against other stockholders who had paid their subscriptions. Those who had paid were, to the extent of their payments on stock, creditors of the corporation, and are entitled to have the liability against other stockholders enforced. Such liability is for the percentage paid in by stockholders, so that the amount can be treated as a part of the assets of the corporation for distribution."

After remand of the cause, the chancery court heard the same, as the decree recites, "upon the complaint, with its exhibits; the answer of the defendant Vaughan, together with its exhibits; the depositions of witnesses (naming them) ; together with the opinion of the Supreme Court heretofore rendered in this cause." The court thereupon found as follows: "That the defendant Vaughan had executed his note for $1,000 in payment of a call made by the directors upon the stockholders of the Bank of Des Arc, which note was never paid, nor any part thereof, and said note having been canceled by said board of directors, and it further appearing that said Vaughan had purchased all the stock of the Bank of Des Arc, with the exception of that owned by the plaintiffs, doth adjudge that the plaintiffs (naming the appellees), do recover of appellant, towit: Ed McElwee $200, E. C. Blakemore $200, and Charles G. Myers, administrator,

$400, same being the amounts due them as distributive shares of the amount due them by said defendant Vaughan.''

The appellant testified in substance, and his evidence is undisputed, that at a stockholders' meeting the notes given for stock were authorized to be canceled upon a consideration of a surrender of the stock. He had executed a note in the sum of $1,000 in payment for $2,500 of stock subscribed for by him in the Bank of Des Arc, and that this note was, under the resolution of the stockholders, canceled, and his stock surrendered. He also testified that he owned all of the stock of the Bank of Des Arc except that owned by Edmondson and J. R. B. Moore. That he purchased the same at 50c on the dollar. Edmondson testified that he was the president of the bank; that the note of $1,000 was to pay the $2,500 of stock subscribed for by Vaughan, which note was canceled by the board.

On the former appeal we said: ''It was not developed in the case what would be the distributive share of the plaintiffs and the additional amount to be paid in by defendant Vaughan and other defaulting stockholders. These are equities that should be adjusted, and as the case was not developed on that theory, it can be sent back for further proof.''

It thus appears that the court erred in its decree. Under the directions of this court on the former appeal, the chancery court should have entered a decree against the appellant in the sum of $1,000, with interest, the same being the amount of his liability to the other stockholders who had paid their stock subscriptions. The court then should have entered an order directing that this sum be distributed among all the stockholders who were entitled thereto, *pro rata.* If appellant was the *bona fide* holder of all the shares of stock that had been subscribed, except that owned by Edmondson and J. R. B. Moore, and appellees Blakemore and McElwee, he was entitled to have all of his shares of stock considered in the distribution of the $1,000. Appellant had the right to purchase the stock held by other stockholders. Appellant says that he bought all of the stock of the Bank of Des Arc, except that

owned by Edmondson and J. R. B. Moore, at 50c on the dollar, but there is no testimony in the record showing whether or not those who owned this stock had paid the percentage required of them. Of course, if those who had originally subscribed for the stock had not paid for the same on the same basis or percentage as was paid by others, then this stock could not be taken into consideration in the *pro rata* distribution; and appellant, even though he had paid for such stock at the rate of 50c on the dollar, would not be entitled to have such stock considered in the *pro rata* distribution.

But the burden was upon the appellees. Vaughan testified that he had paid 50c on the dollar for this stock, and there is no testimony to show that the holders of stock from whom Vaughan purchased had not paid the same *pro rata* percentage of stock subscription as the other holders who did pay. We are of the opinion, therefore, that appellant must be held as the *bona fide* holder of this stock, and that as the holder of such stock he is entitled to have the same as well as the shares subscribed for by him considered along with the stock of Edmondson and J. R. B. Moore, the other stockholders, in the *pro rata* distribution of the $1,000.

The judgment is therefore reversed and the cause remanded with directions to the chancellor to ascertain the amount due the appellees on this basis (and for that purpose to refer the same to a master if necessary), and to render a decree in their favor for such sum, when reported.