### In re FARMERS CO–OP OF ARKANSAS AND OKLAHOMA, INC., Debtor.

### Bankruptcy No. FS 84–46M.

United States Bankruptcy Court,
W.D. Arkansas,
Fort Smith Division.

Sept. 9, 1985.

Thomas E. Robertson, Jr., Fort Smith, Ark., Trustee.

Jerry Canfield, Fort Smith, Ark., for Citizens Bank and Trust of Van Buren.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

Honorable Thomas E. Robertson, Jr., was appointed trustee for the debtor on October 3, 1984. By Order dated October 3, 1984, Mr. Robertson was authorized to act as attorney for the estate. On March 25, 1985, the law firm of Reuben & Proctor, was authorized by Order of this Court to also represent the estate. The attorneys were employed on motion of the trustee principally to represent the estate in certain complex litigation which was filed in the District Court for the Western District of Arkansas, on February 14, 1985. In that action, there are thirty-one defendants, all of whom were alleged to have been connected with the operation of Farmers Co-Op of Arkansas and Oklahoma, Inc., (Co-Op) or alleged to have provided professional services for the Co-Op during a period of time from 1974 through the filing of the bankruptcy petition in 1984.

The pre-trial matters in the trustee's lawsuit in District Court have been referred to the Honorable Ned Stewart, United States Magistrate. On July 16, 1985, the trustee filed a motion in this Court seeking a determination of the allegations by Citizens Bank and Trust Company of Van Buren (Citizens Bank), one of the defendants in the District Court action, that the trustee and Reuben & Proctor, co-counsel for the estate, should be disqualified from representing the debtor estate in the District Court action against Citizens Bank. The counsel for Citizens Bank and the trustee agreed to submit the matter on the complaint, the amended complaint and various depositions taken in the District Court case. Also submitted for this Court's consideration was a copy of the motion of Citizens Bank to disqualify the trustee and his counsel which was filed in the District Court on July 18, 1985, together with certain attachments. Both sides have submitted briefs. Although neither party specifically alleges the nature of this proceeding, the Court considers the substance of the matter to be in the nature of a motion to determine whether the trustee should be removed pursuant to 11 U.S.C. § 324.

The trustee, Hon. Thomas E. Robertson, Jr. is a member of a Fort Smith, Arkansas, law firm known as Bethell, Callaway, Robertson and Beasley (Bethell law firm). He has been a member of the Bethell law firm). He has been a member of the Bethell law firm for over ten years. Mr. Robertson is also a member of the panel of interim trustees which serves this Court. Mr. Robertson's senior law partner, Hon.

Edgar E. Bethell, was a former director of the defendant, Citizens Bank, from January 1972, through December 1982. During this time Mr. Bethell and his firm performed routine and relatively infrequent legal services for Citizens Bank. The evidence indicates that the total fees paid during this period of time to the Bethell law firm was not in excess of $3,500.00. Neither Mr. Bethell, nor any other member of his firm has ever been the retained counsel for Citizens Bank. Mr. Bethell resigned from the board of Citizens Bank in 1982.

The trustee's complaint in District Court focuses for the most part on alleged illegal activities of Jack E. White acting in concert with other defendants from 1974 through 1982. Mr. White was president of Citizens Bank during this period until 1982 when he resigned; he was simultaneously general manager of the Co-Op. The complaint in District Court regarding Citizens Bank alleges generally that Mr. White, as chairman of Citizens Bank and a major stockholder, acted to manipulate his dual authority in favor of Citizens Bank at the expense of the Co-Op. The complaint also alleges that Citizens Bank is vicariously liable for the misdeeds of Jack E. White.

Citizens Bank vigorously argues that the trustee and his co-counsel, Reuben & Proctor, should be disqualified as long as Citizens Bank remains a defendant because of Mr. Bethell's former relationship with Citizens Bank. There is no allegation that the trustee personally had a prior relationship with Citizens Bank.

Citizens Bank argues that it intends to make Mr. Bethell and other former members of the board third party defendants for indemnity for their failure to discharge their responsibilities as members of the board of directors. The trustee argues that Citizens Bank is not contemplating the suit in good faith, but only as a device to be disruptive and to retard progress in the case.

Under Arkansas law it is clear that a director of a corporation owes a fiduciary duty to the creditors and shareholders of the corporation to exercise control of and manage the affairs of the corporation. *Bank of Commerce v. Goolsby,* 129 Ark. 416, 196 S.W. 803 (1917); *In re Ozark Restaurant Equipment Co., Inc.,* 41 B.R. 476 (Bkrtcy.W.D.Ark., Fayetteville D.1984). Negligence or failure of a director to exercise diligence or good faith resulting in a loss, may result in directors' liability for the loss. *Id.* at 480; *Smith v. Citation Mfg. Co., Inc.,* 266 Ark. 591, 587 S.W.2d 39 (1979). In several Arkansas cases, directors have been held liable for intentional acts of negligence. *See Bank of Commerce v. Goolsby,* 129 Ark. at 416, 196 S.W. at 803 (directors held responsible for the unsupervised acts of the cashier resulting in loss to the bank); *Bailey v. O'Neal,* 92 Ark. 327, 122 S.W. 503 (1909) (directors held liable for assenting to the negligent acts of the cashier by turning over to the cashier the management of the business); *Bank of Des Arc v. Moody,* 110 Ark. 39, 161 S.W. 134 (1913) (directors held liable for losses incurred by cashier where the acts were undiscovered by the board because of their negligence in the control of bank affairs). Directors committing the bank's management to the president have been held liable for the mismanagement of the president despite the director's belief that the president was honest and competent. *Lane v. Chowning,* 610 F.2d 1385 (8th Cir.1979). *Fletcher v. Eagle,* 74 Ark. 585, 86 S.W. 810 (1905).

The standard of care by which bank directors will be judged is ordinary care and prudence in the administration of the affairs of the bank. Any loss to the bank may render the board jointly and severally liable as members of the board. *Bank of Commerce v. Goolsby,* 129 Ark. at 423, 196 S.W. at 810.

Based on the foregoing, the Court cannot say that what Citizens Bank proposes to do is patently suggested in bad faith or that it is frivolous. The situation is thus created where Citizens Bank can, at some future time in the District Court litigation, bring Mr. Bethell personally into the law suit as a defendant and presumably as a witness. Since Mr. Bethell would be ineli-

gible from appearing in the District Court action as attorney, so too would the trustee. Disqualification of an attorney is imputed to and extends to other members of the same law firm. ABA Code of Professional Responsibility 5–105(D); *State of Arkansas v. Dean Foods Products Co., Inc.*, 605 F.2d 380 (8th Cir.1979). Attorneys who are witnesses in an action are disqualified from also appearing as attorneys in the same action because of the inherent conflict of the duties of an advocate and a witness. *See* ABA Code of Professional Responsibility, DR 5–102(A) and (B); *Bishop v. Linkway Stores, Inc.*, 280 Ark. 106, 655 S.W.2d 426, 437 (1983). Of course, disqualification of the trustee depends on whether Citizens Bank actually files suit against Mr. Bethell.

Citizens Bank also argues that Mr. Bethell, as attorney for Citizens Bank, worked on matters which are substantially related to the trustee's pending suit against Citizens Bank. If a substantial relationship exists, disqualification would be warranted. *See State of Arkansas v. Dean Foods Products Co., Inc.*, 605 F.2d at 383. The evidence before the Court establishes that no confidential bank information was communicated to Mr. Bethell as attorney for Citizens Bank. There was no showing that Mr. Bethell's representation was substantially related to the pending suit. Indeed Citizens Bank appears to be straining to find a substantial relationship. The evidence is clear that Mr. Bethell performed only a few routine services not related in any way to the claim the trustee asserts against Citizens Bank. However, Citizens Bank argues that because Mr. Bethell was a director during the period of Jack E. White's alleged wrongdoing that it would give the appearance of unfairness which is enjoined by Canon 9 of the ABA Code of Professional Responsibility.

Mr. Bethell was present at bank board meetings when formal action was taken on matters that are substantially related to the trustee's District Court suit. As a director, he was in a position to have access to Citizens Bank's confidential information. Once the confidential relationship is estab-lished the inquiry ends. The comments of the Court in *State of Arkansas v. Dean Foods Products Co., Inc.*, 605 F.2d at 386, are appropriate here:

> It is precisely to protect that "expectation" of safety in disclosure that Canon 9's concern for the appearance of impropriety must be merged with Canon 4's injunction against disclosure of a client's secrets. As recognized in *Fred Weber, Inc.*, 566 F.2d at [602] 609 [8 Cir.1977], considerations of actual impropriety are irrelevant to the application of Canon 9.

The ABA Code of Professional Responsibility concerns activities of attorneys engaged in the practice of law and does not address itself to activities of a bank board member who also happens to be an attorney. Therefore, it is not clear whether Canon 4 applies to Mr. Bethell's relationship to Citizens Bank as a director. However, this relationship does give an unfavorable appearance to the extent generally proscribed by Canon 9. This fact should be considered by this Court in determining whether cause exists to remove the Trustee pursuant to 11 U.S.C. § 324. The conduct of bankruptcy proceedings not only should be right, but should seem right. *In re Haupt & Co.*, 361 F.2d 164 (2nd Cir.1966).

■ There is no doubt that the trustee is fulfilling his responsibilities to the estate in a competent and professional manner. He is vigorously pursuing the interests of the estate in the face of determined opposition who seek to remove him. It is apparent from a reading of the record that those who seek to remove the trustee do so because of his agressive and vigorous performance of his duties. The Court finds no unethical conduct on the part of the trustee but regretfully must conclude that Mr. Robertson should be removed as trustee in the suit against the Citizens Bank. Mr. Bethell's potential status as a defendant and the appearance of unfairness because of Mr. Bethell's former association with Citizens Bank compel removal of Mr. Robertson pursuant to 11 U.S.C. § 324. A co-trustee therefore must be appointed to

pursue the estate's cause of action against Citizens Bank. *See In re Tom Carter Enterprises,* 49 B.R. 243, 13 B.C.D. 23 (Bkrtcy.C.D.Cal.1985) (co-trustees serving in large bankruptcy estate). No evidence was introduced that Mr. Robertson should be removed as trustee in any other aspect of the District Court case or any other matter in the bankruptcy case.

 The remaining issue is whether the co-counsel of the trustee, Reuben & Proctor, should also be disqualified from further participation in the suit against Citizens Bank. Citizen Bank's argument supporting disqualification of Reuben & Proctor has no merit. As a general rule, the fact that one is co-counsel of a disqualified attorney will not warrant disqualification of the co-counsel. *Fund of Funds, Ltd. v. Arthur Anderson and Co.,* 567 F.2d 225 (2nd Cir.1977). In *American Can Company v. Citrus Feed Co.,* 436 F.2d 1125 (5th Cir.1971), the Court held that knowledge imputed to an attorney from his partner would not be reimputed from the attorney to his co-counsel. Based upon the reasoning in the *American Can Company* case, this Court finds that Mr. Robertson's disqualification should not extend to any partner, associate or employee of the law firm of Reuben & Proctor. Mr. Robertson was disqualified because of the imputed knowledge of his partner rather than any actual knowledge possessed by Mr. Robertson. Further, the relationship between Mr. Robertson and Reuben & Proctor is not one of an employer-employee. Although the law firm of Reuben & Proctor was employed by the trustee pursuant to 11 U.S.C. § 327, which speaks in terms of employment by the trustee, counsel is actually employed to represent the office of trustee and to serve as an employee of the estate. There was no partnership among the two law firms. These firms acted only as co-counsel, each responsible to and compensated by the debtor with Court approval, and not each other. *See American Can Company v. Citrus Fruit Company,* 436 F.2d at 1129.

The Court's decision is further supported by the decision in *State of Arkansas v.*

*Dean Foods Products Co., Inc.,* 605 F.2d at 380. In *Dean Foods* the Court held the supervising attorney and his new staff disqualified from pursuing the defendant based on the fact that the supervising attorney might or could have obtained confidential information regarding the defendant from the supervising attorney's association with his former law firm. The Court's disqualification was pursuant to Canon 9. The Court further held that outside co-counsel hired by the supervising attorney were not disqualified from pursuing the defendant because they were not employees of the supervising attorney, nor were they partners or associates of him. The Court also relied upon the fact that the supervising attorney was disqualified for imputed, not actual knowledge in deciding that double imputation was improper. Addressing Canon 9's injunction against the appearance of impropriety, the Court in *Dean Foods* stated that:

> Without more, we do not think a member of the public or of the bar would see an apparent impropriety in the continued representation of C against B by a lawyer whose co-counsel been disqualified early on in the case, solely because the disqualified co-counsel's former firm represented B in a related suit. The normal public and professional perception of co-counsel envisions two or more attorneys or firms working together on a particular case while continuing to retain their individual entities and institutional independence. The same appearance of impropriety present when an attorney and his firm representing conflicting interest, and when a disqualified former lawyer's staff members continue in a case after his disqualification is not present in the mere fact of a disqualified lawyer's co-counsel continuing in the case after his co-counsel's disqualification. (Citations omitted).

The Honorable Allen W. Bird II is appointed co-trustee. Mr. Bird is directed to assume the responsibility of pursuing the debtor estate's cause of action against Citizens Bank. The law firm of Reuben &

Proctor may remain counsel for the estate. For the purposes of the debtor's suit against Citizens Bank, the Court hereby directs Mr. Robertson to make available all of his files to the co-trustee.