BELL VS EDDY.

Opinion delivered June 10, 1899.

1.  *Appeal—Record.*

When the motion to dismiss and the rulings of the trial court are not preserved in the record, and no motion for a new trial was filed or passed upon by the court, the action of the trial court in dismissing the cause is not reviewable.

*2.  Revivor of Action— Time.*

> Under § 5246 Mansf. Dig., providing t ᵗ an action shall not be .
> reviewed without the consent of t:. ⸱⸱⸱ dant, unless within
> one year after it could have been first made, a cause is proper-
> ly dismissed when the action is not revived within one year
> after the death of plaintiff was suggested of record.

Appeal from the United States Court for the Northern
District.

Wm. M. Springer, Judge.

Action by L. B. Bell against George A. Eddy and H.
C. Cross as receivers of the Missouri, Kansas & Texas Rail-
way  Co.   Judgment for  defendants  dismissing  cause.
Plaintiff appeals.  Affirmed.

This  action was brought by the appellant on the 20th
day of October, 1890, to recover from the defendants, George
A. Eddy and H. C. Cross, as receivers of the Missouri, Kan-
sas & Texas Railway,  the possession of lots Nos. 4 and 6,
block 17, situate in what was formerly known as ''Downing-
ville'' but now ''Vinita,'' in the Cherokee Nation, Ind. T.
On the 8th day of November, 1892, the defendants, Eddy
and Cross, as such receivers, filed their answer to the plain-
tiff's complaint.  On the 13th day of May, 1895, the death of
both said George A. Eddy and H. C. Cross was suggested of
record.   On the 24th day of April, 1896, the plaintiff filed an
amended  complaint at law, making the Missouri, Kansas &
Texas Railway Company a party defendant.  On the 7th
day of May, 1896, the Missouri, Kansas & Texas Railway
Company appeared specially, and moved to quash the writ
of summons which had been issued upon the plaintiff's
amended complaint, and had been served upon it.  On the
29th day of January, 1898, the Missouri, Kansas, & Texas
Railway Company, and also one Henry C. Rouse,  who

claimed to be receiver de bonis non of the Missouri,
Kansas & Texas Railway Company, appeared, and filed
motion to dismiss the plaintiff's original and also his amend-
ed complaint. On the 1st day of February, 1898, the plain-
tiff filed a second amended complaint, and on that day this
cause coming on to be heard on the motion to dismiss of the
said H. C. Rouse, receiver de bonis non, and the motion to
dismiss of the Missouri, Kansas & Texas Railway Company,
and all parties being present, these motions to dismiss were
sustained by the court, and the original complaint in this
cause, and also the second amendment to the complaint,
were ordered dismissed by the court. To this action of the
court, the plaintiff, L. W. Bell, excepted, and was granted
60 days in which to file a bill of exceptions, and an appeal to
this court was prayed and allowed. The bill of exceptions
was never prepared preserving the motions to dismiss of
the Missouri, Kansas & Texas Railway Company or of H. C.
Rouse, receiver de bonis non, nor was the ruling of the
court thereon preserved by bill of exceptions, nor did the
plaintiff file motion for a new trial.

*Fears & Bailey*, for appellant.

*Clifford L. Jackson*, for appellees,

THOMAS, J. The only error assigned by the appel-
lant in his brief in this case is as follows: "The court erred
in sustaining appellee's motion to dismiss and in dismissing
appellant's complaints." We are confronted with the pre-
liminary inquiry whether the record in this cause is pre-
sented to us in such a way as to enable us to review the act-
ion of the trial court in sustaining the motions to dismiss of
the Missouri, Kansas & Texas Railway Company and of H.
C. Rouse, as receiver de bonis non, of the Missouri, Kansas
& Texas Railway Company, and in dismissing the original

and second amended complaint of the appellant. This court, in the case of Severs vs Trust Co., 1 Ind. Ter. 1, refused to review the action of the trial court in sustaining the motion to dismiss, because the motion to dismiss and the ruling of the court thereon had not been preserved by bill of exceptions, and for the further reason that a motion for a new trial had not been made in that case and overruled. In that case, Judge Lewis, in delivering the opinion of the court, said: "It has been decided by the supreme court of Arkansas (whose decisions in the construction of statutes put in force in this jurisdiction are most persuasive, if not, indeed, conclusive, with us) that an error in law in the rendition of a judgment, perceptible from the record, without any reference to the proceedings on the trial as shown by the bill of exceptions, does not require a motion for a new trial. Percifull vs Platt, 36 Ark. 461. What constitutes the record? Mr. Thompson, in his work on Trials (volume 2, § 2771), says: 'The record proper ordinarily embraces the original writ, pleadings, and the entry of verdict and judgment. If error is exhibited on the face of the record proper, it may be corrected in a court of error, unless there are statutes changing the common-law rule without the necessity of a bill of exceptions. Whenever it is desired to present for review in an appellate court a ruling of the trial court which does not appear upon the face of the record proper, an exception must be taken to the ruling at the time when it was made, and a bill of exceptions must be drawn up, embodying a statement of the ruling, and showing that an exception was reserved at the time when the rule was made.' The Arkansas decisions support the above definition of the 'record.' Lenox vs Pike, 2 Pike, 14. See, also, Bateson vs Clark, 37 Mo. 31. Whenever it is necessary to preserve, by a bill of exceptions, the ruling of the trial court, to secure a review thereof on appeal, it is necessary that a motion for new trial should be made in the

court below. Dunnington vs Frick Co. (Ark.) 30 S. W. 212. In the case under consideration, the fact of the plaintiff's nonresidence appears in its pleadings, and is therefore apparent upon the face of the record. The fact that a bond was not filed is not shown. Both these facts must concur to authorize the dismissal of the suit. Johnson vs Hoskins, 12 Ark. 635. In the recitals of the judgment there are statements from which it may be clearly inferred that a bond for costs was not filed in the court below, but these statements are not properly a part of the judgment. A judgment, by the Arkansas Code (section 399), is a final determination of the rights of the parties in an action.' The reasons announced by the court to sustain its decision constitute no part of the judgment, and do not become such by reason of the fact that the clerk may enter them upon the minutes. Such matters are properly presented for review by bill of exceptions only. Freem. Judgm. §§ 2, 79; 2 Thomp. Trials, §§ 2773, 2176,2781; Elliott, App. Proc. 814, 815. In the case of Hall vs Bonville, 36 Ark. 495, the court said: 'It is true that in the judgment entry there is a statement of the evidence introduced on the trial or agreed on, and of the declaration of the law of the case made by the court; but it is the province of the bill of exceptions, and not of the judgment entry, to bring on the record facts proven or admitted on the trial, and the declarations of law made by the court upon them.' This must be a correct statement of the law, otherwise a judgment might become the vehicle for presenting upon appeal any ruling of the trial court at any stage of the trial. 'Nothing can be made a matter of record by calling it by that name, nor by inserting it among the proper matters of record.' Freem. Judgm. § 78. * * * Because the action of the trial court in the particulars complained of is not presented in such a mode as authorizes this court to determine the same, the judgment of the court below is affirmed.''

"Whenever it is desired to present for review in an appellate court a ruling of the trial court which does not appear from the face of the record proper, an exception must be taken to the ruling at the time when it was made, and a bill of exceptions must be drawu up embodying a statement of the rulings, and showing that an exception thereto was reserved at the time when the ruling was made." 2 Thomp. Trials, p. 2104, § 2771.

"Collateral motions, such as motions to make more specific, to separate, and the like, must be brought into the record by a bill of exceptions, or by a special order of the court making them a part of the record. To this class of motions belong motions to dismiss." Elliott, App. Proc. p. 766, § 814.

"Rulings upon motions are not deemed to be saved for review in an appellate court, unless the motion and rulings are exhibited in bill of exceptions. It is not sufficient that the clerk of the trial court has inserted in the transcript what purports to be a copy of the motion. The rule applies to motions which are dispositive of the proceedings,—such as motions to dismiss the appeal by which the cause has been brought from an inferior jurisdiction, or a motion in the court to which the cause has been taken by a change of venue to dismiss the cause; and the rule applies in criminal as well as civil cases." 2 Thomp. Trials, pp. 2107, 2108, § 2775.

"The clerk has copied into the transcript an entry showing that a motion was made to strike out a part of the amended complaint, aud the same was sustained. Said motion and the rulings of the court thereon are not made a part of the record by a bill of exceptions, and it has been uniformly held by this court that such motions and the rulings of the court thereon form no part of the record unless

brought in by bill of exceptions. Dudley vs Pigg (Ind. Sup.) 48 N. E. 642, and cases cited. Such motions and the ruling of the court thereon, although copied into the record by the clerk, form no part thereof, and cannot be considered by this court. Dudley vs Pigg, supra, and cases cited." State vs Halter (Ind. Sup.) 49 N. E. 7. See, also, 2 Thomp. Trials, p. 2107, § 2775.

"The record failing to set out any evidence whatever in support of the motion [motion to dismiss], the presumption is in favor of the court below." Hickey vs Smith, 6 Ark. 456. See, also, Montgomery vs Carpenter, 5 Pike, 264; Cox vs Garvin, 6 Ark. 431; Dow vs U. S., 27 C. C. A. 42, 81 Fed. 1004.

"Did the court err in refusing to dismiss the suit on the motion of the defendant below? To enable this court to revise the judgment given upon this motion, all of the testimony before the court on the hearing of the motion should have been made of record in the case by a bill of exceptions or otherwise; or, if there was no testimony adduced, this fact should be made to appear, so as to avoid the effect of the presumption of law always indulged in in such cases where the adjudication must of necessity have depended upon facts to be established by testimony." McQuaid vs Tait, 5 Pike, 309.

We are therefore of the opinion that, the motion to dismiss and the rulings of the court thereon not having been preserved by a bill of exceptions, and no motion for a new trial having been filed or passed upon by the court, we are unable to review the judgment of the lower court dismissing the complaints of the appellant, and, in the absence of a bill of exceptions and motion for a new trial, the presumption is that the judgment of the lower court was correct. If these motions had been properly brought up on the record, and we could consider them, as well as the rulings of the court

on them, as a part of the record, it would seem that the trial court did not commit an error in dismissing the complaint of the appellant, because he had failed to revive his action against the successor of the original defendants, Eddy and Cross, within a year after the date that their deaths were suggested of record.   Section 5246, Mans. Dig. Ark., is as follows: "An order to revive an action against the representatives or successor of a defendant shall not be made without the consent of such representatives or successor, unless within one year from the time when it could have been first made."   Inasmuch as the action of the trial court in the particulars complained of is not presented in such a mode as authorizes this court to determine the same, the judgment of the court below is affirmed.

CLAYTON and TOWNSEND, J. J., concur.