STATE FAIR ASSOCIATION *v.* TOWNSEND.

Opinion delivered April 6, 1901.

1. ACTION—DEATH OF PARTY—ABATEMENT AND REVIVAL.—Under Sand. & H. Dig. § 5934, providing that "an order to revive an action against the personal representatives of a defendant, or against him and the heirs or devisees of the defendant, cannot be made, unless by consent, until after six months from the qualification of the personal representative," and § 5935, providing that "an order to revive an action against the representatives or successor of a defendant shall not be made without the consent of such representatives or successor, unless in one year from the time it could have been first made," where a defendant died during the pendency of an appeal taken by the plaintiff, and the latter neglected to revive the suit against the administrator for more than eighteen months after his appointment, and neither the administrator nor his heirs consented to such revivor, the appeal will be dismissed.  (Page 217.)

2. REVIVAL OF ACTION—REPRESENTATIVES.—Sand. & H. Dig. § 5935, provides that an order to revive an action against the "representatives" of a defendant shall not be made without the consent of such representatives, unless in one year from the time it could have been first made. *Held,* that the term "representatives" includes heirs as well as personal representatives.  (Page 218.)

3. APPEARANCE—CONSENT TO REVIVAL.—A recital of the record that a motion to revive the action was continued by consent is not sufficient to show that the administrator had appeared and consented to the revival.  (Page 218.)

Appeal from Pulaski Chancery Court.

THOMAS B. MARTIN, Chancellor.

STATEMENT BY THE COURT.

The State Fair Association executed a mortgage upon its property to secure certain bonds issued by the association, and afterwards brought suit in the Pulaski chancery court against Joe Townsend and others to redeem. The court found that the association had the right to redeem, determined the amount due on the bonds secured by the mortgage, and gave plaintiff 90 days in which to make payment and redeem. The association failed to make the payment, and after the expiration of the time allowed by the decree for redemption, it being shown to the court that no portion of the mortgage debt had been paid as ordered, the court on motion dismissed the action to redeem, and gave judgment for costs against the plaintiff association. To this decree dismissing its action the association excepted, and appealed to this court. This judgment was rendered February 9, 1898, and afterwards, while the action was pending in this court, to-wit, on the 6th day of March, 1899, Joe Townsend, the defendant and appellee, died. Five days afterwards, on the 11th day of March, 1899, Walter J. Terry was, by the probate court of Pulaski county, duly appointed and qualified as administrator of Townsend's estate. Over a year afterwards, on the 16th of April, 1900, the association filed in this court a motion to revive, in which motion the name of the heirs and administrators were given. Still later, on July 16, 1900, a preliminary order for revivor and to show cause was made by the court, but no service of this order was made or attempted until October 17, 1900. On that day an affidavit of warning order was made by the attorney of the association, and filed with the clerk of this court. The clerk thereupon, without any order from the court, made an order for the publication of the warning order.

Under these facts counsel for the administrator and heirs of Townsend insist that proceedings to revive were not made within the time required by the statute, and that the appeal should be dismissed, and action stricken from the docket.

*Cockrill & Cockrill,* for appellee, on motion to dismiss.

The revivor had to be within the time and after the mode prescribed by Sand. & H. Dig., § 5927. 18 Enc. Pl. & Pr. 1125-8; 7 Bush, 687; 48 Ark. 30. *Cf.* Sand. & H. Dig., §§ 5928, 5929, 5934. The provisions of the statute apply to appellant courts also.

18 Enc. Pl. & Pr. 1123; 1 Bates, Pl. & Pr. 224; Civil Code of Ark. §§ 796, 780. The proceedings for revivor were not in time. Process must be sued out in the statutory time, else no revivor can be had. Sand. & H. Dig., §§ 5929-30; 5967; 86 Ky. 15, 20; 6 Ore. 166; 80 Ky. 64, 67, 68; 1 Metc. 549; 39 Ark. 235; 14 Bush, 671. Since the administrator was not a necessary party to the motion to revive, the six months' limitation did not apply. Sand. & H. Dig., §§ 5934, 5931, 5937, 5928. Even if the administrator had been a proper party, the heirs were *necessary* parties, and no suit or appeal could be prosecuted without their presence. 33 Ark. 665. Service of process can be had, and an action revived, only by a substantial compliance with the statute. 48 Ark. 31, 32; 39 Ark. 104; 7 Bush, 687; 18 Enc. Pl. & Pr. 1125, 1128.

*P. C. Dooley,* for appellant, on motion to dismiss.

RIDDICK, J., (after stating the facts). The question here arises on a motion to strike this case from the docket because not revived against the administrator and heirs of defendant within the time allowed by the statute. Our statute provides that "an order to revive an action against the personal representative of a defendant, or against him and the heirs or devisees of the defendant, cannot be made, unless by consent, until after six months from the qualification of the personal representative." Sand. & H. Dig., § 5934. This provision of the statute refers to the final order of revivor. The preliminary order requiring the personal representative to show cause can be made so soon as the administrator is appointed and qualified. *McNutt* v. *State,* 48 Ark. 30. The preliminary order of revivor or order to show cause may be served upon the personal representative as soon as convenient after being made; but the final order reviving the action cannot be made until six months after the qualification of the personal representative.

Now, Joe Townsend died on the 6th of March, 1899, and, his administrator having been appointed and qualified on the 11th day of the same month, the preliminary order of revivor and to show cause could have been made during the same month. As the next term of this court began on the 22d of May following, there was ample time to have served the order, even by publication, in time to have procured the final order of revivor at that term. If the proper steps had been taken, the final order of revivor could have been made six months after the appointment and qualification of the administrator. This appointment and qualification,

as before stated, was on the 11th day of March, 1899, and the final order could have been obtained on the 11th day of September, 1899, or at the next session of the court, which was on the 2d day of October, 1899. But it was nearly a year after this time before the preliminary order of revivor was made, and over a year before any attempt was made to serve such order on either the administrator or heirs of Townsend.

The statute provides that "an order to revive against the representatives or successor of a defendant shall not be made without the consent of such representatives or successor, unless in one year from the time it could have been first made." Sand. & H. Dig., § 5935. As it was over a year after the revivor could have been first made before any summons or warning order was issued against either the heirs or administrator, we are of the opinion that the action cannot now, to quote the language of the statute, be revived against "the representatives or successor" of the defendant, without their consent.

After considering the argument of counsel on the question as to whether the heirs of the defendant are included within the meaning of the words "representatives or successor of a defendant" used in the statute, we are of the opinion that they are included. The word "representative" means in law one who represents or stands in the place of another. It is frequently used to denote the personal representative—in other words, the administrator or executor—of a deceased person, but it has also a broader meaning, and the word "representatives," as used in this statute, we think was intended to include both the heirs and administrator or executor of a plaintiff or defendant who has died pending the action. The whole statute on this subject, when taken together, makes this very clear. For instance, one section provides that upon the death of a plaintiff in an action it may be revived in the name of "his representatives to whom his right has passed." It then provides that, if his right has passed to the personal representatives, the revivor shall be in his name; if it has passed to the heirs, the revivor shall be in their names; thus clearly distinguishing the meaning of "personal representatives" from "representatives," as used in the statute, and showing that both the personal representative and the heirs are included within the general term "representatives" of the plaintiff or defendant.

It follows, then, that, in our opinion, the action cannot be revived against either the heirs or personal representatives unless

within one year from the time it could have been first made. But it is said, conceding this to be true, the administrator has appeared of his own motion, and a revivor can be had against him. The record shows that on one occasion, before any motion to revive had been made, the cause was continued by consent, but it does not show that the administrator has in any way consented to the revivor of the action, or that he has appeared to the proceedings to revive, except to move to dismiss it. If at the time, or after, the preliminary order to revive or show cause had been made, the administrator had appeared, this would have dispensed with summons as to him; but his only appearance after the proceedings to revive were commenced was for the purpose of moving to dismiss the appeal because not revived within the time required by the statute, and for this reason we think the point is not well taken.

We have concluded that, as the administrator and heirs do not consent to a revivor, and as the time during which the law permitted a revivor without their consent passed without any summons having been issued against them, the motion to dismiss the appeal must be sustained, and the case stricken from the docket of this court. It is so ordered.

BUNN, C. J., dissents. HUGHES, J., not participating.