ANGLIN *v.* CRAVENS.

Opinion delivered June 17, 1905.

1. ABATEMENT AND REVIVAL—CASES ON APPEAL.—Kirby's Digest, § § 6298, 6300, 6314-5, relating to the revival of actions on the death of a party *pendente lite,* applies to cases pending in the Supreme Court on appeal, as well as to cases pending in trial courts. (Page 123.)

2. SAME—TIME OF REVIVAL.—Under Kirby's Digest, § 6314, providing that an action shall not be revived in the name of the representative or successor of a plaintiff without the consent of the defendant after the expiration of one year from the time the order might have been first made, an order of revivor may be made as soon as the court in which the action is pending convenes after the death of the plaintiff, and must be made within a year thereafter except by consent. (Page 123.)

Appeal from Marion Chancery Court.

E. G. MITCHELL, Judge.

Appeal dismissed.

STATEMENT BY THE COURT.

W. M. Anglin and H. H. Hilton brought this suit in chancery against appellees to foreclose a deed of trust on real estate executed by appellees to appellant Hilton, as trustee, to recover payment of an alleged debt to Anglin, and also to declare a lien for an amount paid by Anglin in redemption of the lands from tax sale. The lands were sold for taxes, and purchased by one Layton, and Anglin bought and received a deed from Layton, paying him $300 therefor, but only claimed it to be a redemption.

The chancellor declared a lien in favor of the plaintiff Anglin for the taxes and interest found to have been paid on the lands, amounting to the sum of $233.03, but denied the prayer of the complaint for a foreclosure of the mortgage, and the plaintiffs appealed to this court.

Appellant Hilton was only a formal party by reason of being trustee in the deed, and he has no interest in the suit.

Appellees file their motion to strike the case from the docket of this court, and for grounds show by affidavit that áppellant W. M. Anglin died on April 5, 1904, since the appeal was taken, and that the cause has not been revived. W. W. Taylor, as administrator of the estate of Anglin, responds to the motion, showing that letters of administration upon said estate were issued to him by the probate court of Marion County on August 2, 1904, (no administration upon said estate having been previously commenced), and he asks that the cause be now revived. The parties also file briefs upon the whole case, which is submitted with the motion.

*S. W. Woods* and *J. C. Floyd,* for appellants.

*Horton & South,* for appellees.

McCULLOCH, J., (after stating the facts.) The question to be first considered is whether or not the case can now be revived.

The statute provides that where either of the parties to a pending action dies, the cause may, on motion of any party interested, be revived in the name of a special administrator, if there is no general administrator. Kirby's Dig. § § 6298-6300. It is further provided that "an order to revive an action in the name of the representatives or successor of a plaintiff may be made forthwith, but shall not be made without the consent of the defendant after the expiration of one year from the time the order might have been first made." Kirby's Dig. § 6314. And that "when it appears to the court by affidavit that either party to an action has been dead * * * for a period so long that the action cannot be revived in the names of his representatives or successors without the consent of both parties, it shall order the action to be stricken from the docket." Kirby's Dig. § 6315. This statute applies to cases pending in this court on appeal, as well as to cases pending in trial courts. *State Fair Association* v. *Townsend,* 69 Ark. 215.

The statute is mandatory in its terms, and the revivor, to be effective, must be applied for within the time pointed out. An action, after the death of either of the parties, can proceed

no further until it has been properly revived; and the object of the statute is to fix a time within which those interested in the suit may have it revived, and, if not revived within the time prescribed, to require an abatement. When the plaintiff dies during the pendency of the action, any person interested in the further prosecution thereof may have a revivor in the name of the administrator or executor, if there be such, and the right of action be one that survives in favor of the personal representative; and if there be no general administrator or executor, the revivor shall be in the name of a special administrator appointed by the court in which the action is pending. The order to revive may be made forthwith—as soon as the court in which the action is pending convenes after the death of the plaintiff, and must be made within one year after that time, except by consent of parties. The limitation of time in the statute applies equally where there is no general administrator or executor as where there is one, because in such event the persons interested may have a revivor in the name of a special administrator.

Appellant Anglin died on April 5, 1904, and more than one year has elapsed since the order to revive might have first been made, and it cannot be now made.

The motion to dismiss the appeal and strike the case from the docket of this court is sustained, leaving the decree appealed from in full force. It is so ordered.