TEMPLE *v*. CULP.

Opinion delivered November 4, 1912.

ABATEMENT AND REVIVAL—TIME.—Kirby's Digest, section 6313, requiring an order of revival of an action to be made within one year from the time it could have been first made, applies to cases pending in the Supreme Court on appeal.

Appeal from Bradley Chancery Court; *Zachariah T. Wood,* Chancellor; appeal stricken from the docket.

·*R. E. Wiley* and *J. R. Wilson,* for appellant.

*B. L. Herring* and *E. E. Williams,* for appellees.

PER CURIAM. Appellant, J. T. Temple, instituted this action in the chancery court of Bradley County against U. J. Culp, Jr., to cancel a tax deed and quiet title to a certain tract of land situated in that county, and on August 29, 1911, final decree was rendered in the cause dismissing the complaint for want of equity. An appeal was granted by the chancery court on the day of the rendition of the decree. The transcript of the record was not filed within the time prescribed by law for perfecting the appeal, but on August 15, 1912, which was within the year allowed for taking an appeal, transcript was lodged and appeal was granted by the clerk of this court. Summons was issued for some—not all—of the heirs of the defendant, and was duly served on them. It appears, by affidavits filed, that U. J. Culp, Jr., died on October 7, 1911, and the cause has not been revived. The heirs at law of U. J. Culp, Jr., now move that the cause be stricken from the docket on the ground that there has been no revivor within the time prescribed by law. Appellant seeks at this time to revive in the name of the heirs, and that motion is resisted.

The statutes bearing upon this question read as follows:

"Sec. 6311. Upon the death of a defendant in an action for the recovery of real property only, or which concerns only his rights or claims to such property, the action may be revived

against his heirs or devisees, or both, and an order therefor may be forthwith made in the manner directed in the preceding sections."

"Sec. 6313. An order to revive an action against the representatives or successor of a defendant shall not be made without the consent of such representatives or successor, unless in one year from the time it could have been first made."

"Sec. 6315. When it appears to the court by affidavit that either party to an action has been dead, or where he sues or is sued as a personal representative, that his powers have ceased for a period so long that the action can not be revived in the names of his representatives or successors without the consent of both parties, it shall order the action to be stricken from the docket." Kirby's Digest.

It is insisted that these statutes only apply to causes pending before judgment in the circuit courts of the State. This contention is, however, against the rulings of this court in decisions which hold that the statute applies to cases pending in this court on appeal. *State Fair Assn.* v. *Townsend*, 69 Ark. 215; *Anglin* v. *Cravens*, 76 Ark. 122.

An appeal had been granted when the defendant died, and the time for perfecting the appeal by lodging transcript in the office of the clerk of this court had not expired. The transcript could have been lodged in this court and the order for revivor made upon ten days' notice. Kirby's Digest, § 6307. The final order of revivor could, therefore, have been entered ten days after the death of the defendant, and the motion of appellant to revive was not filed in this court until October 28, 1912, which was more than twelve months after the time the order could first have been entered. The object of the statute is to give twelve months within which to obtain an order of revivor after the earliest moment at which the order could first have been obtained. *Peay* v. *Pulaski County*, 103 Ark. 601. One year having elapsed since the order of revivor could have been first made, the right is barred, and, following the plain mandate of the statute, the court is required to strike the case from the docket. The way was clear for appellant to file his transcript and procure an order of revivor, and it is through his own fault that he has suffered the time to elapse given by law to proceed in that way. The motion

to revive is therefore denied, and the appeal is ordered stricken from the docket.