TEXAS BREWING CO. et al. v. STATE.
(No. 1776.)

(Court of Civil Appeals of Texas. Texarkana. March 22, 1917.)

1. CLERKS OF COURTS ⬦⟹17—FEES — FILING PAPER.
Vernon's Sayles' Ann. Civ. St. 1914, art. 3855, giving clerks of court a certain fee for "filing each paper," refers only to papers forming part of the record proper, and is therefore inapplicable to letters introduced in evidence.
[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. § 43.]

2. CLERKS OF COURTS ⬦⟹11—FEES—ASSESSING DAMAGES.
A clerk of court is not entitled to a fee for "assessing damages," where the judgments were entered upon agreement and therefore did not involve the assessment of damages.
[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. §§ 33, 38, 40, 41, 50, 52, 57, 60, 63.]

Appeal from District Court, Hopkins County; Wm. Pierson, Judge.

Suit by the State of Texas against the Texas Brewing Company and others. From a judgment overruling defendants' motion to retax the costs, they appeal. Reversed and remanded, with directions.

The state, by the Attorney General, commenced suits against the San Antonio Brewing Association, the Lone Star Brewing Company, the Houston Ice & Brewing Company, the American Brewing Association, the Galveston Brewing Company, and the Texas Brewing Company, respectively. The suits against the five companies mentioned were consolidated, and on January 24, 1916, in accordance with an agreement of the parties entered into December 16, 1915, judgment was entered in favor of the state against said five companies, among other things, for the costs incurred in the consolidated cause. On the same day, to wit, January 24, 1916, in accordance with an agreement of that date between the state and the Texas Brewing Company, judgment was rendered in favor of the former against the latter, among other things, for all costs of the suit against it. In the agreement for judgment in the consolidated cause was a stipulation that when it was called for trial either of the parties might offer any material and relevant evidence desired by it. In the other agreement was a like stipulation, and also one providing that any evidence introduced on the consolidated cause should be considered as applicable and material and relevant in the suit of the state against the Texas Brewing Company. Among other documents offered as evidence under the terms of the agreements were 5,000 letters. The letters, having been admitted as evidence, were bound in 13 volumes and delivered to the clerk to be kept by him as a part of the record of the cause. The clerk thereupon indorsed his file mark upon each of the letters, and in his cost bill taxed a fee of 15 cents for filing it; such fees for filing the 5,000 letters aggregating the sum of $750. He also taxed in the bill a fee of 50 cents for "assessing damages" in the consolidated cause. The brewing companies claimed the clerk was not entitled to the fee of 50 cents taxed for "assessing damages," and was not entitled to a fee for filing each of the letters, but only to a fee for filing each of the bound volumes, aggregating the sum of $1.95, and filed a motion to retax the costs in accordance with their contention. This appeal is from a judgment overruling their motion.

Baker, Botts, Parker & Garwood and Fisher, Campbell & Amerman, all of Houston, Dinsmore, McMahan & Dinsmore, of Greenville, Jas. B. Stubbs, of Galveston, Newton & Newton, of San Antonio, Bryan, Stone & Wade, of Ft. Worth, Connor & James and J. A. Dial, all of Sulphur Springs, and Wm. Aubrey, of San Antonio, for appellants. B. F. Looney, Atty. Gen., and C. E. Sheppard, D.

Thornton, and H. E. Pharr, all of Sulphur Springs, for the State.

WILLSON, C. J. (after stating the facts as above). [1] We are of the opinion that papers which do not form a part of the record proper of a case, and which the clerk is not directed by a statute to file, are not within the meaning of article 3855, Vernon's Statutes, providing a fee to the clerk of 15 cents for "filing each paper" in a civil case. The letters in question, when admitted as evidence, did not become a part of the record proper of the cases (Noyes v. Parker, 64 Vt. 379, 24 Atl. 12; State v. Shappy, 79 Vt. 306, 65 Atl. 78; Bell v. Eddy, 2 Ind. T. 312, 51 S. W. 959; Smith v. Moseley, 234 Mo. 286, 137 S. W. 971), and we have been referred to and have found no statute requiring the clerk to file them. The letters might, when they had served the purpose for which they were admitted, have been withdrawn from the custody of the clerk by the owners thereof. If they thereafterwards remained in his custody, it was because he and the owners were willing that they should, and he then held them for the owners, and not in the discharge of a duty which the law imposed upon him. Therefore we think the court erred when he refused to strike from the bill of costs the item of $750 taxed therein for filing the letters.

[2] In view of the fact that the judgments were based upon agreements of the parties therefor, and therefore that entering same did not involve the assessment of damages, we are further of the opinion that the clerk was not entitled to tax as costs due him the fee of 50 cents for "assessing damages."

The judgment will be reversed, and the cause will be remanded, with instructions to the court below to retax the costs in accordance with the ruling we have made.