DUPREE v. SMITH.

Opinion delivered October 3, 1921.

1.  ABATEMENT AND REVIVAL—PARTIES.—In an action involving the title to land the cause should be revived, after the death of one of the litigants, in the names of his heirs.

2.  ABATEMENT AND REVIVAL—LIMITATION.—Crawford & Moses' Dig. § 1065, providing that "an order to revive an action against the representatives or successors of a defendant shall not be made without the consent of such representatives or successor, unless in one year from the time it could have been first made," is mandatory.

3.  ABATEMENT AND REVIVAL—NECESSARY PARTIES.—Where a cause of action involved the title to land and incidentally the rents for its unlawful detention, upon defendant's death no revival could be had by the plaintiff without the consent of defendant's heirs, unless had within one year from the time it could have been first made; the consent of defendant's administrator alone being insufficient, as the right to recover rents from the estate was dependent upon the title being adjudged to be in plaintiff.

Appeal from Chicot Chancery Court; *Joe Harris,* Special Chancellor; reversed.

*D. Dudley Crenshaw,* for appellant.

1.　When by mistake of the draftsman of a deed the grantor is made to convey a wrong tract of land, a court of equity will correct the mistake and reform the deed so as to convey the tract intended.　48 Ark. 498; 79 *Id.* 592.

2.　Upon the death of the defendant whose interest in land is involved, the suit must be revived against the heirs at law, and until this is done there can be no adjudication concerning the title.　1 R. C. L. 26; 93 Ark. 307; 113 *Id.* 207; 74 *Id.* 149; 69 *Id.* 215; 61 *Id.* 414; 51 *Id.* 82; 39 *Id.* 104; *Id.* 235; *Id.* 306; 34 *Id.* 379; 16 *Id.* 168. Without the proper parties before it, the court had no jurisdiction to render final judgment concerning the subject-matter of the suit.　81 Ark. 468; 93 *Id.* 307.

*John Baxter,* for the heirs.

The judgment should be set aside, and the cause dismissed, because: 1.　The heirs were necessary parties. 2.　The cause of action was barred before any suggestion was made of the death of M. M. H. Dupree. 3.　The administrator had no authority to enter his appearance after the action was barred.　93 Ark. 307; 113 Ark. 207; 49 *Id.* 87; C. & M. Dig. §§6312-13; 103 Ark. 601; 112 *Id.* 6.

*Buckner & Golden,* for appellee.

1.　The burden was on the appellants to establish mistake.　A deed will not be reformed except upon proof that is clear, unequivocal and convincing.　96 Ark. 251; 11 *Id.* 66; 95 *Id.* 523; 101 *Id.* 611; 221 S. W. 481. Reformation will not be ordered on the ground of mistake unless the mistake was mutual.　89 Ark. 309; 53 *Id.* 185. If there was a mistake, the grantor should have acted promptly to obtain a correction of the deed, and not waited until suit was entered against him.　99 Ark. 486.

2.　An administrator has the right to sue or defend in ejectment.　42 Ark. 25, 28; 8 *Id.* 9; 62 *Id.* 64.　The rents sued for was a demand against the estate of M. M. H. Dupree, and made in time.　105 Ark. 95; 28 *Id.* 500; Kirby's Dig. §111.　An administrator may bring an ac-

tion without joining with him the persons for whose benefit it is prosecuted. Kirby's Dig. §6002. The order of revivor was made by consent of parties and appearance entered by the administrator. It stood revived even though the time had elapsed. Kirby's Dig. §§6306, 6313; 103 Ark. 606; 110 *Id*. 39; *Id*. 317.

3. A plea of limitations is a general plea, and since the heirs in their motion to dismiss pleaded the statute of limitations without reservation, they thereby entered their appearance. Having entered appearance for one purpose, they were in court for all purposes. 89 Ark. 509, 511; 90 *Id*. 316.

4. The attorney for an administrator may enter his appearance. 110 Ark. 317; 104 *Id*. 1; 84 *Id*. 527.

5. The appeal by the heirs and Baxter was premature. An order of revivor is not final, and not a ground for appeal. 92 Ark. 101. Unlike *Ex parte Gilbert* relied on by appellants, the administrator in this case is a general administrator and takes possession of all property for full adjustment. The contest here is over possession of property. 50 Ark. 551; 57 *Id*. 153; 109 *Id*. 281.

6. The chancellor's findings will be sustained unless against the clear preponderance of the evidence. 120 Ark. 37; 86 *Id*. 212; 106 *Id*. 583; 92 *Id*. 546.

HUMPHREYS, J. Suit in ejectment was brought, on the 8th day of January, 1918, by appellee against M. M. H. Dupree and B. F. Dupree, her husband, in the Chicot Circuit Court, to recover the possession of lot 15 in block 4, Holland's Addition to the town of Dermott, Ark., and for $300 damages for the detention of same, alleging ownership thereof under deed from them of date March 16, 1912.

The Duprees filed answer, admitting the execution of the deed and denying damages for the use of same, but alleging in a cross-complaint that the said M. M. H. Dupree, being the owner of both lots 14 and 15 in block 4 of said addition, sold appellee lot 14 and intended to convey him said lot, but, through a mutual mistake, lot 15,

instead of 14, was described in said deed; that, a short
time thereafter, they erected a residence and other im-
provements upon said lot 15, of the value of $650, and
have retained the continuous possession of said lot. The
prayer of the cross-complaint was for a reformation of
the deed so as to describe lot 14, instead of lot 15, and
for a transfer of the cause to the chancery court of said
county. The motion embodied in the complaint to trans-
fer the cause to equity was sustained, and the cause was
transferred to the chancery court pursuant to an order
of the circuit court. During the pendency of the suit in
the chancery court, M. M. H. Dupree died, on the 20th
day of April, 1919, leaving as her only heirs her two sons,
J. M. Holland and S. L. Holland, and two grandchildren,
Lucile Dupree and Dorris Freeman. John Baxter after-
ward purchased the interest of S. L. Holland in said
lots. The suit remained upon the chancery docket after
the death of M. M. H. Dupree without any steps being
taken until April 4, 1921. On that date, the surviving
heirs and John Baxter appeared for the sole purpose of
filing a motion to dismiss the cause of action because
barred by the statute of limitations, which was pleaded,
requiring that causes be revived after the death of a
plaintiff or defendant in a real property action within
one year from the time the order of revivor might have
first been made.

On the same date, appellee suggested the death of
M. M. H. Dupree and prayed for a revivor of the cause
in the name of B. F. Dupree, her administrator, who had
been appointed as administrator of her estate on May 8,
1919. Thereupon, B. F. Dupree, as administrator, en-
tered his appearance and consented that the case be re-
vived in his name as such administrator.

Upon hearing of the motions, the court revived the
cause against B. F. Dupree, as administrator of the estate
of M. M. H. Dupree, but dismissed the motion of the heirs
of M. M. H. Dupree and John Baxter for the want of

equity, from the dismissal of which motion the heirs and John Baxter prosecuted an appeal to this court.

Immediately thereafter, the court proceeded to hear the cause upon the original pleadings and exhibits and the depositions of James Smith and B. F. Dupree, which resulted in a decree establishing the ownership of said lot 15 in appellee, and a judgment of $195 for damages by way of rental against B. F. Dupree, as administrator of the estate of M. M. H. Dupree, from which decree B. F. Dupree, as administrator, has prosecuted an appeal to this court.

The effect of dismissing the motion of the heirs of M. M. H. Dupree and John Baxter and of reviving the cause in the name of B. F. Dupree, as administrator of the estate of M. M. H. Dupree, only, was to exclude the heirs and John Baxter from participation in the cause of action. In other words, it was a ruling on the part of the court that the heirs of M. M. H. Dupree, deceased, were not necessary parties to the adjudication of the title to the land of which she died possessed and to which she claimed title. The heirs and the parties claiming through them were necessary parties to the controversy, because the relief sought affected the title to said real estate. *Chowning* v. *Stanfield,* 49 Ark. 87; *Ex parte Gilbert,* 93 Ark. 307; *Mayers* v. *Lark,* 113 Ark. 207. It was said by this court in *Mayers* v. *Lark, supra,* that (quoting syllabus 1): "In an action involving the title to land, the cause should be revived, after the death of one of the litigants, in the name of his heirs." The court proceeded to a hearing of this cause without reviving it against the heirs of M. M. H. Dupree or treating them as proper or necessary parties. The cause could have been revived against the heirs upon proper notice the first day court was in session after the death of M. M. H. Dupree, and the cause could not have been revived against them without their consent after the expiration of one year from the time the order of revivor might have first been made. Section 1065, Crawford & Moses'

Digest. This section of the statute is mandatory in nature. *Anglin* v. *Cravens,* 76 Ark. 122. Almost two years had expired after the death of M. M. H. Dupree and after the appointment of an administrator for her estate before an attempt to revive the cause was made, and, at that time, a revivor against the administrator only was sought, no revivor having at any time been sought against the heirs. The right to revive against the administrator was contingent upon the right to revive against the heirs, for the reason that the cause of action involved the title to real estate, and the right to recover rents against the estate of M. M. H. Dupree, deceased, was dependent upon the title of the real estate being adjudged to appellee, which could not be done without the necessary parties before the court. The causes of action were not severable, so that appellee might revive and prosecute his suit for rents against the administrator of the estate of M. M. H. Dupree. The consent therefore of the administrator to a revivor availed appellee nothing. The court erred in overruling the motion of the heirs of M. M. H. Dupree and John Baxter to dismiss the proceedings. The court should have stricken the cause from the docket upon the motion. Section 1067, Crawford & Moses' Digest.

For the error indicated, the judgment is reversed and the cause remanded with directions to strike the cause from the docket.