BLAKE v. THOMPSON.

Opinion delivered April 2, 1928.

ABATEMENT AND REVIVAL—WHEN REVIVAL BARRED.—Where a suit to cancel a trustee's deed and for an accounting of rents and benefits was improperly revived against the executor of the grantee on the latter's death in 1922, and the heirs were not made parties until 1927, *held* under Crawford & Moses' Dig., §§ 1063, 1065, the cause of action was barred.

Appeal from Woodruff Chancery Court, Central District; *A. L. Hutchins,* Chancellor; affirmed.

*Jonas F. Dyson,* for appellant.

*W. J. Dungan,* for appellee.

SMITH, J. The heirs of George Washington, Jr., brought suit to cancel a trustee's deed which had been executed under a power of sale contained in a deed of trust executed by their ancestor to W. H. Gray, as trustee for Thompson & Gregory, and for an accounting of the rents and profits of the lands, and for the value of certain timber cut by Thompson from the lands. The deed of the trustee was to Thompson. Before the final submission of the cause Thompson, the grantee in the trustee's deed, died, and the cause was revived in the name of his executor. Upon the final submission of the cause the relief prayed was granted, the trustee's deed was canceled, and a judgment was rendered against Thompson's estate for the amount of the rents in excess of the debt secured by the deed of trust and for the value of the timber cut by Thompson.

An appeal was duly prosecuted from this decree, and it was held by this court, on the submission of that appeal, that, as the action was one to recover lands, the cause should have been revived in the name of Thompson's heirs, and not against his executor, and the decree of the court below was reversed and the cause dismissed. *Thompson* v. *Lee,* 174 Ark. 868, 296 S. W. 706. Thereafter, on August 2, 1927, the heirs of Washington brought a new suit, in which the heirs of Thompson were made parties, and the complaint recited the facts above stated, and which are set out in detail in the former opinion.

A demurrer to this complaint was sustained, upon the ground that the original cause of action had not been brought within the time allowed by law after the death of Thompson, which, as the former opinion recited, occurred on May 12, 1924. The complaint in the present case alleges that Thompson died March 28, 1922.

The opinion on the former appeal is decisive of the present case. It was there said: "The heirs were nec-

essary parties to the suit, after his death, it being an action affecting the title to and for the recovery of real property, and the revivor should have been made against and in the name of his heirs. Section 1063, C. & M. Digest; *Ex parte Gilbert*, 93 Ark. 307, 124 S. W. 762; and *Dupree v. Smith*, 150 Ark. 80, 233 S. W. 812. The court proceeded to a hearing of the cause without revivor against the heirs or devisees of M. D. Thompson or treating them as proper or necessary parties, and the cause could not have been revived against them without their consent, after the expiration of one year from the time the order of revival might have first been made. Section 1065, C. & M. Digest.

The sections of the statute there referred to read as follows:

"Section 1063. Upon the death of a defendant in an action for the recovery of real property only, or which concerns only his rights or claims to such property, the action may be revived against his heirs or devisees, or both, and an order therefor may. be forthwith made in the manner directed in the preceding sections."

"Section 1065. An order to revive an action against the representatives or successors of a defendant shall not be made without the consent of such representatives or successor, unless in one year from the time it could have been first made."

In addition to the cases cited in the former opinion, see also *Anglin* v. *Cravens,* 76 Ark. 122, 88 S. W. 833.

As it appears from the face of the complaint, to which a demurrer was sustained, that Thompson died in 1922, and that this suit was improperly revived against his executor, and not against his heirs, and that the heirs were not made parties until 1927, the cause of action was barred by the statutes quoted, and the demurrer was therefore properly sustained.

The decree of the court below will therefore be affirmed.