HILL *v*. BRITTAIN.

Opinion delivered January 7, 1929.

*Dean, Moore & Brazil,* for appellant.

*C. A. Holland* and *R. W. Robins,* for appellee.

HUMPHREYS, J. This is the second appeal in this case. On the first appeal the decree was reversed, and the cause remanded because the trial court rendered a judgment against the administrator of the estate of F. O. Stobaugh, deceased, in part for unmatured indebtedness, and decreed a foreclosure and sale of the property described in the mortgage to pay same. Reference is made to the case of *Hill* v. *Brittain,* 174 Ark. 1163, 299 S. W. 615, for a statement of the issues joined by the pleadings. It will be observed in reading the case that, during the pendency of the suit, F. O. Stobaugh, the owner and mortgagor, died, and the cause was revived in the name of R. E. Hill, administrator of Stobaugh's estate. It does not appear in the opinion when Hill was appointed administrator nor when the cause was revived. It is reflected by the transcript on this appeal that he was appointed sometime between April and December 2, 1925, and that the cause was revived against him by his consent on December 2, 1925, within a year after his ap-

pointment. The transcript also reflects that the cause was not revived at that time nor since against the heirs of F. O. Stobaugh. On remand of the case, further testimony was taken, and the cause was retried on March 19, 1928, resulting in a judgment against appellant as administrator of the estate for the amount evidenced by the notes, and a decree of foreclosure and order of sale of the lands described in the mortgage to pay the judgment.

On April 17, 1928, appellant filed a motion to set aside the decree on the ground that the cause had not been properly revived in that it had not been revived against the heirs of F. O. Stobaugh, deceased. On the hearing of the motion the court refused to set aside the judgment against appellant as administrator of the estate, but set aside the decree of foreclosure and order of sale of the lands to satisfy the indebtedness.

Appellant contends that the trial court should have set the judgment against him as representative of the estate aside as well as the decree of foreclosure and order of sale of the lands, because appellee failed to revive the cause against the heirs of F. O. Stobaugh upon the suggestion of his death; and appellee contends that the decree of foreclosure and order of sale of the lands should have been permitted to stand.

The ruling of the court upon the motion was correct. The purpose of the suit against F. O. Stobaugh was twofold; first, to obtain a judgment against him for the indebtedness evidenced by his notes, and, second, to foreclose and sell the mortgage security to pay the judgment, if obtained. Upon Stobaugh's death, and during the pendency of the suit, the action for the indebtedness survived against his administrator, and the action to subject the security to the payment of the indebtedness survived against his heirs. Section 98 of Crawford & Moses' Digest provides:

"All actions pending against any person at the time of his death which by law survive against executor or administrator shall be considered demands legally exhib-

ited against such estate from the time such action shall be revived, and shall be classed accordingly.''

And § 1058 of Crawford & Moses' Digest provides in part: "If the order is made by the consent of the parties, the action shall forthwith stand revived. * * *''

Under these statutes the cause for the recovery of the indebtedness was properly revived against the administrator and amounted to a presentation of the claim to him within the time required by law. As stated above, one purpose of this suit instituted against F. O. Stobaugh was to recover a judgment for the indebtedness evidenced by the notes he had executed to A. J. Brittain, the appellee, and we know of no good reason why a mortgagee might not take a personal judgment against the estate of a deceased mortgagor, and forfeit his claim under the mortgage to a mortgage lien on the property described in the mortage by failing to revive the suit upon the death of the mortgagor against the heirs within one year from the date of his death. Sections 1062, 1063, 1065 and 1066, Crawford & Moses' Digest; *Blake* v. *Thompson,* 176 Ark. 840, 4 S. W. (2d) 514.

This court is committed to the doctrine that the heirs of a decedent mortgagor are necessary parties in a foreclosure proceeding to subject the lands described therein to the payment of the mortgage indebtedness. This rule is based upon the fact that the title to the real estate described in a mortgage descends to the heirs of a deceased mortgagor as well as the right to redeem same from the mortgage lien. They are necessary parties because of their ownership of the equity of redemption in the lands. *Buckner* v. *Sessions,* 27 Ark. 219; *Pillow* v. *Sentelle & Company,* 39 Ark. 61; *DeYampert* v. *Manley,* 127 Ark. 153, 191 S. W. 905. The trial court committed an error in rendering a judgment of foreclosure and order of sale of the lands in the instant case to pay the judgment against Stobaugh's estate because appellee failed to make Stobaugh's heirs parties defendants, and the court's action was correct in sustaining the motion to set the decree of foreclosure aside. It was error, how-

ever, for the court to grant permission to appellee to make the heirs parties at the time he set the foreclosure decree aside because appellee had, at the time of the rendition of the judgment against the administrator, lost his right to a lien under the mortgage by failing to revive the suit to foreclose said mortgage against the heirs of the deceased mortgagor within one year from the death of the mortgagor. The effect of the revivor of this suit against appellant as administrator was to present the claim as a general creditor against the estate for the indebtedness. The effect of the failure to revive the foreclosure proceeding against the heirs of the deceased mortgagor forfeited appellee's mortgage lien and right to foreclose same.

The decree therefore of the trial court will be in all things affirmed except that part thereof granting permission to appellee to make the heirs of Stobaugh parties at the time the foreclosure decree was set aside. In that respect the final decree of the court upon the motion is modified.