PRAGER *v.* WOOTTON.

Opinion delivered June 23, 1930.

38

*O. H. Sumpter,* for appellant.

*Martin, Wootton & Martin* and *B. N. Florence,* for appellees.

PER CURIAM. Grace Prager, widow, and Irene Prager Bourdier and John D. Prager, children and sole heirs at law of Charles J. A. Prager, deceased, filed in this court a petition for certiorari to quash a judgment of the Garland Chancery Court reviving a mortgage foreclosure proceeding by Afton Williams Wootton *et al.,* against Charles J. A. Prager; and a transcript of the record of the proceedings in the chancery court is tendered with the petition.

It appears from the face of the record tendered that Afton Williams Wootton and E. H. Wootton, trustee, brought suit in the Garland Chancery Court against Charles J. A. Prager and Grace Prager, his wife, to foreclose a mortgage on real estate situated in Hot Springs, Garland County, Arkansas. The suit was filed on February 4, 1928, and summons was duly served on the defendants on February 6, 1928. The record further shows that on February 6, 1929, which was an adjourned day of

the December, 1928, term of the Garland Chancery Court there was the following order in the case:

"On this day comes the defendants by their solicitor, O. H. Sumpter, Esquire, and suggests the death of the defendant, Charles J. A. Prager."

On January 28, 1930, the attorneys for the plaintiff filed in said cause in said court a motion to revive the suit in the name of Grace Prager, Irene Prager Bourdier, and James D. Prager, widow and heirs at law of Charles J. A. Prager, deceased; and for grounds state that Charles J. A. Prager died on January 26, 1929, and that no person has qualified as his personal representative, and that the action concerns only the right of the heirs of said Charles J. A. Prager to the property described in the complaint. The records of the chancery court show the filing of the motion to revive the cause in the names of Grace Prager, Irene Prager Bourdier and James D. Prager, widow and heirs of Charles J. A. Prager, deceased. On the 11th day of February, 1930, Irene Prager Bourdier and James D. Prager filed separate responses in which it was claimed that the right to revive the action had expired by limitation. On the 11th day of March, 1930, which was an adjourned day of the December term of 1929 of said chancery court, it was adjudged and decreed that the suit be revived in the names of the defendants, Grace Prager, Irene Prager Bourdier, and James D. Prager, widow and heirs of Charles J. A. Prager, deceased.

The chancellor proceeded upon the theory that the revivor must be had under § 1062 of the Digest, and that the suit could not be revived against the heirs of the defendant until one year had elapsed after the death of the defendant, no person having qualified as his personal representative. In this construction of the statute, the chancellor was wrong, for no part of the action survived against the personal representative of the defendant. The rule is that the heirs or devisees of a mortgagor, who dies the owner of the fee, are necessary parties in a suit to foreclose the mortgage. Hence, in a suit to

foreclose, the heirs at law of the deceased mortgagor should be made defendants, or some excuse for not making them defendants, should be shown in the complaint; as that the mortgagor conveyed his estate in the mortgaged lands before his death, or that it was sold under execution, or that after his death his interest in the lands was sold under an order of the probate court, etc. *Simms* v. *Richardson & May*, 32 Ark. 297; and *Pillow* v. *Sentelle & Company*, 39 Ark. 61.

Of course, the personal representative of a deceased mortgagor is a proper party in a mortgage foreclosure suit of real estate, for the lands of a decedent are assets in the hands of his personal representative for the payment of his debts, if needed for that purpose, and he would be a proper party in order to work out the rights of the creditors of the decedent. The heirs, however, are indispensable parties for the reason that, upon the death of the ancestor, the title vests in the heirs, and they can only be divested of their equity of redemption in the mortgage property in a proceeding to which they are made parties.

This view was recognized by the court in *State Fair Association* v. *Terry*, 74 Ark. 149, 63 S. W. 65, where it was said: ''Upon the death of a party, the title to his real estate passes at once to his heirs (subject, of course, to the rights of creditors to be worked out through the administrator); and the administrator cannot represent them in court. They are necessary parties where the title to real estate is involved, and the court should, of its own motion, refuse to proceed until they are brought in.''

The sections of our statute on the revival of actions is a part of our Civil Code, and are to be construed together. *State Fair Assn.* v. *Townsend*, 69 Ark. 215, 63 S. W. 65.

In *Putman* v. *Putman*, 4 Pick. (Mass.) it was held that where a bill in equity to redeem mortgaged premises is abated by the death of the complainant, his heirs may revive the suit.

In *Sutherland* v. *Rose,* 47 Barb. (N. Y.) 144, it was held that on the death of a mortgagor in an action by him for the cancellation and satisfaction of the mortgage, the heirs, and not the personal representative, are the proper parties to continue the action, as the heirs alone have an interest in the satisfaction of the mortgage and in the right to redeem.

In the application of these principles of law, we are of the opinion that § 1063 of the Digest applies wherein it is provided that "upon the death of a defendant in an action for the recovery of real property only, or which concerns only his rights or claims to such property, the action may be revived against his heirs or devisees."

In Ex parte *Gilbert,* 93 Ark. 307, 124 S. W. 762, it was held that when the defendant in an action for unlawful detainer dies, the action should be revived against his heirs and not against a special administrator; and, until such revivor, there can be no adjudication concerning the land.

In *Mayers* v. *Lark,* 113 Ark. 207, 168 S. W. 1093, Ann. Cas. 1915C, 1094, where the title to land was involved, it was held that an order of revivor in the name of a special administrator was improper and that the revivor should be in the name of the heirs. See also *Temple* v. *Culp,* 105 Ark. 22, 150 S. W. 867; *Dupree* v. *Smith,* 150 Ark. 80, 233 S. W. 812; *Thompson* v. *Lee,* 174 Ark. 865, 296 S. W. 706; *Blake* v. *Thompson,* 176 Ark. 840, 4 S. W. (2d) 514; and *Hill* v. *Brittain,* 178 Ark. 784, 12 S. W. (2d) 869.

In the latter case, it was held that on defendant's death pending a suit to recover on certain notes and to foreclose a mortgage of land securing them, the action for the indebtedness survived against his administrator, and the action to subject the land to the payment of the indebtedness survived against his heirs.

In the case at bar, no revivor was sought of the action for the indebtedness, and a revivor was duly sought on the foreclosure of the mortgage against the land. The court has uniformly held that the statute is mandatory in its terms, and the revivor, to be effective, must be ap-

plied for within the time prescribed by statute. *Anglin* v. *Cravens,* 76 Ark. 122, 88 S. W. 833; *Cole* v. *Hall,* 85 Ark. 144, 107 S. W. 175; *Peay* v. *Pulaski County,* 103 Ark. 601, 148 S. W. 491; and *Bank of Des Arc* v. *Moody,* 110 Ark. 39, 161 S. W. 134.

Under § 1065 of the Digest, an order to revive an action against the representatives or successor of a defendant should not be made without the consent of such representatives or successor, unless in one year from the time it could have been made, since the power to revive without consent ceases at the time limited by this statute; and, since no revivor was sought on the action on the notes, and since the revivor was sought only to subject the land to the payment of the indebtedness, it must have been made within the time it could have first been made.

It is true that in *Hill* v. *Brittain, supra,* the court said that the mortgagee lost his right to a lien under the mortgage by failing to revive the suit to foreclose the mortgage against the heirs of the deceased mortgagor within one year from the death of the mortgagor; but it was evidently meant by the language used that the right to revive accrued at the death of the mortgagor, and that the revivor must be had within one year from the time it could have been first made by the court. This view is in accord with the language used in § 1065, which was cited by the judge who wrote the opinion. This is also in accord with the rule announced in *Dupree* v. *Smith,* 150 Ark. 80, 233 S. W. 812, in which the opinion was written by the same judge. In that case the court held that, in an action involving the title to land, the cause should be revived after the death of one of the litigants in the name of his heirs. In that case the court also held that the provisions of § 1065 were mandatory, and that this section was controlling. In construing this section, the court said that the cause could have been revived against the heirs upon proper notice the first day court was in session after the death of M. M. H. Dupree, and the cause could not have been revived against them without their consent

after the expiration of one year from the time the order of revivor might have first been made.

That case was an action of ejectment, and the court in the course of the opinion further said: "The right to revive against the administrator was contingent upon the right to revive against the heirs, for the reason that the cause of action involved the title to real estate, and the right to recover rents against the estate of M. M. H. Dupree, deceased, was dependent upon the title of the real estate being adjudged to appellee (plaintiff), which could not be done without the necessary parties before the court. The causes of action were not severable so that appellee might revive and prosecute his suit for rents against the administrator of the estate of M. M. H. Dupree. The consent of the administrator to a revivor availed nothing." Hence it was held that the court erred in overruling the motion of the heirs of M. M. H. Dupree to dismiss the proceedings.

In *Thompson* v. *Lee,* 174 Ark. 868, 296 S. W. 706, it was held that the heirs of a deceased defendant are necessary parties, after his death, when the action affects the title to or for the recovery of real property, and that the cause could not be revived against them after the expiration of one year from the time the order of revival might first have been made.

Again, in *Blake* v. *Thompson,* 176 Ark. 841, 4 S. W. (2d) 574, it was held that, where a suit to cancel a trustee's deed and for an accounting of rents and profits was improperly revived against the executor of the grantee on the latter's death in 1922, and the heirs were not made parties until 1927, under § 1063 and 1065 of the Digest, the cause of action was barred.

Our cases hold that the order of revivor must be made by the court, and the court may act upon the suggestion of the death of the defendant by his counsel as was done in this case, or upon motion of the plaintiff and proof of death of the defendant. This brings us to a consideration of whether the time fixed by statute for revivor against the heirs of the defendant had expired.

This being an application for a writ of certiorari, the order reviving the suit against the heirs of the original defendant as defendants cannot be quashed unless it is void upon the face of the record. The reason is that the record imports absolute verity, and in certiorari the record alone is the subject of consideration, and so far as it extends, is conclusive. *Hilger* v. *J. R. Watkins Medical Co.,* 139 Ark. 400, 214 S. W. 49; and *Martin* v. *Hargrove,* 149 Ark. 383, 232 S. W. 596.

The record shows that the defendant, Charles J. A. Prager, died January 26, 1929. On February 6, 1929, counsel for the defendant filed in open court a suggestion of the death of the defendant, Charles J. A. Prager, and this was entered of record. A motion of the plaintiff to revive the cause was filed on January 28, 1930, and an order of revivor against the heirs of the original defendant was entered of record on the same day. The record does not show that the plaintiff knew of the death of the defendant, Charles J. A. Prager, before a suggestion of his death was entered upon the records of the court on February 6, 1929. A motion to revive against the heirs of said defendant was made and entered of record on January 28, 1930, which was within one year after the record shows that his death was suggested, which, as disclosed by the record, was as soon as an order of revivor could have been made against the heirs of said defendant.

This was the construction placed upon the statute by the court of appeals of the Indian Territory in *Bell* v. *Eddy,* 2 Ind. T. 312, 51 S. W. 959. In that case the court said that, where the record shows that the plaintiff had failed to revive his action against the representative or successor of the original defendants within one year after the date of their deaths were suggested of record, it was the duty of the court to dismiss the complaint on motion of the substituted defendants. In this connection, we call attention to the decision of *State Fair Association* v. *Townsend,* 69 Ark. 215, 63 S. W. 65, where it was held that the word "representatives," as used in the statute,

was intended to include both the heirs and administrator or executor of a plaintiff or defendant who has died pending the action. In that case, which was a suit by the mortgagor to redeem from a mortgage, the mortgagee died during the pendency of the action, and the suit was properly revived against both the administrator and the heirs because, if the redemption was had, the administrator would take the money and account for it in due course of administration. Hence the revivor was had under § 1062 because a part of the action survived against the personal representative of the mortgagee, who had died during the pendency of the action to redeem. In that case the court said that the action cannot be revived against either the heirs or personal representatives unless within one year from the time it could have been first made.

The case is different when the mortgagor dies during the pendency of a suit to foreclose. His heirs immediately succeed to his interest in the lands, and the revivor must be had under § 1063, for the action concerns only the rights of the defendant to the land. Therefore the petition for a writ of certiorari must be denied.