Robin TAYLOR  *v.*  E. John LANDHERR, M.D.;
Sparks Medical Foundation;  Sparks Regional Medical Center;
and John Doe Nos. 1-5

CA 07-602                                        275 S.W.3d 656

Court of Appeals of Arkansas
Opinion delivered February 13, 2008

*Law Offices of Charles Karr. P.A.*, by: *Charles Karr*, for appellant.

*Cox, Cox & Estes, PLLC*, by: *Walter B. Cox* and *James R. Estes*, for appellee E. John Landherr, M.D.

*Warner, Smith & Harris, PLC*, by: *Wayne Harris* and *Stephanie Harper Easterling*, for appellees Sparks Medical Foundation and Sparks Regional Medical Center.

D.P. MARSHALL JR., Judge. Dr. E. John Landherr operated on Robin Taylor's back at Sparks Regional Medical Center. Problems developed with the surgical wound, including a staph infection. Taylor eventually sued Dr. Landherr, the Medical Center, the Sparks Medical Foundation, and five John Does. The circuit court granted a nonsuit of all Taylor's claims against the John Does. After discovery, the court granted summary judgment to all the named defendants. The court ruled that Taylor's claims against Dr. Landherr, the Medical Center, and the Foundation failed as a matter of law because Taylor had no expert testimony establishing a deviation from the standard of care or proximate cause. In addition, the court found that the Foundation did not exist as a separate entity when the malpractice allegedly occurred and therefore was not a proper party to the action. Taylor appeals.

## I.

We must resolve an unusual procedural issue at the threshold. On the day before this case was submitted for decision by our court, Taylor filed a motion suggesting that Dr. Landherr died in November 2007. This was months after the parties had filed all their appellate briefs. Taylor has moved this court to appoint Dr. Landherr's widow, Patsi Landherr, as Special Administratrix of The Estate of E. John Landherr, M.D., revive the appeal as to Dr. Landherr, and substitute the Special Administratrix in his place. Dr. Landherr's lawyers have no objection to these steps.

The cluster of issues raised by Taylor's motion rarely arises on appeal. If Dr. Landherr had died after this case had been submitted but before we handed down our decision, then precedent would allow us to dodge the revivor and substitution questions by making our opinion *nunc pro tunc* to a date before he died. *Pool v. Loomis*, 5 Ark. 110, 115 (1843) (supplemental opinion upon motion). But this is not what has happened. Dr. Landherr died more than two months ago, and his death was suggested to us before submission. So we must answer the resulting procedural questions.

The first question is whether Taylor's claims against Dr. Landherr may be revived at all. They may indeed. Actions for

"wrongs done to the person or property of another" survive the alleged tortfeasor's death. Ark. Code Ann. § 16-62-101(a)(1) (Repl. 2005). Taylor's personal-injury claims against her former doctor therefore have not been lost.

The second question is whether this court or the circuit court should act on Taylor's request to appoint the Special Administratrix. Taylor asks this court to do so, and cites Rule of Civil Procedure 25 and Ark. Code Ann. §§ 16-62-106 and 107 (Repl. 2005) as authority for us to act. In support of her motion, she attaches an order from the Franklin County Circuit Court in another pending case against Dr. Landherr. This order finds that Ms. Landherr consents to serve as Special Administratrix of her husband's estate to defend that case and appoints her to do so.

Rule 25, however, does not authorize this court to grant the motion. This rule applies only to circuit courts, and we may not act pursuant to it. *Constitution State Ins. Co. v. Passmore*, 18 Ark. App. 247, 247-48, 713 S.W.2d 255, 255 (1986) (*per curiam*). But the statutes and precedent support the relief Taylor seeks from this court.

The special-administrator statute authorizes appointment by "the court before which the suit or suits are pending, on the motion of any party interested, to appoint a special administrator, in whose name the cause shall be revived." Ark. Code Ann. § 16-62-106(a). Taylor's suit is pending in this court. Thus the plain words of the statute give us authority to act. *Dunklin v. Ramsay*, 328 Ark. 263, 267, 944 S.W.2d 76, 78 (1997). Two venerable precedents, moreover, deal with this situation and approve appointment of a special administrator by the appellate court in these circumstances. *Sneed v. Sneed*, 172 Ark. 1135, 1137, 291 S.W. 999, 1000 (1927); *Anglin v. Cravens*, 76 Ark. 122, 123-24, 88 S.W. 833, 834 (1905) (construing a statutory ancestor of Ark. Code Ann. § 16-62-106).

Another code provision not cited by the parties, Ark. Code Ann. § 16-67-322 (Repl. 2005), has given us some pause. This statute allows substitution on appeal in situations where *all* the appellants have died and allows compelled substitution where *all* the appellees have died. This obscure provision is among the statutes about appellate procedure, many of which have been superceded by court rules. Though this provision has been cited in at least one case, we find no cases analyzing or applying it. *Compare Passmore, supra.* It has been in the books since 1837 and was the law

when both *Anglin* and *Sneed* were decided. Those cases do not mention it. And both of those cases were multi-party appeals where only one among the several appellants and appellees died.

For several reasons, we choose to follow *Anglin* and *Sneed* and hold that § 16-67-322 does not apply. First, this statute is limited by its terms to those situations where all the parties on one side of the *v.* have passed away while the case is pending in the appellate court. Those are not our facts. Second, the statute does not purport to limit party substitutions to only those situations. The authority conferred by the special-administrator statute, Ark. Code Ann. § 16-62-106(a), is broader than the authority of this section. And we must harmonize the two statutes if possible to avoid a conflict. *Jester v. State*, 367 Ark. 249, 256, 239 S.W.3d 484, 490 (2006). Third, in appellee-death situations § 16-67-322 authorizes "compell[ing]" the decedent's executors or administrators to become parties to the appeal. We need not invoke any such authority. Ms. Landherr has consented to stand in place of Dr. Landherr.

We therefore grant Taylor's motion. We hereby appoint Patsi Landherr as the Special Administratrix of the Estate of E. John Landherr, M.D., for purposes of defending this case only, revive this case, and substitute the Special Administratrix in Dr. Landherr's stead as one of the appellees. Now we proceed to the merits of this appeal.

## II.

Under the statute, Taylor had to support her medical-malpractice claims against Dr. Landherr with expert testimony unless his alleged negligence was a matter within the common knowledge of the jurors. Ark. Code Ann. § 16-114-206 (Repl. 1987); *Haase v. Starnes*, 323 Ark. 263, 268-69, 915 S.W.2d 675, 677-78 (1996). Unlike claims that a doctor failed to sterilize an instrument or left a foreign object inside the patient, Taylor's allegations against her doctor were not matters of common knowledge. *Skaggs v. Johnson*, 323 Ark. 320, 325-26, 915 S.W.2d 253, 256 (1996); *Lanier v. Trammell*, 207 Ark. 372, 377-86, 180 S.W.2d 818, 821-25 (1944). She alleged that Dr. Landherr failed to give her the information that she needed to make an informed decision to undergo the surgery; failed to get her informed consent; discharged her prematurely and then failed to provide adequate

follow-up care; failed to properly diagnose and treat her infection and request an infectious disease consult; and failed to dictate timely reports.

A jury would need expert testimony to evaluate all of Taylor's claims. *Brumley v. Naples*, 320 Ark. 310, 318, 896 S.W.2d 860, 865 (1995); *Skaggs, supra*. Absent this kind of testimony supporting her allegations, she had no proof of the standard of care, deviation, or proximate cause — all essential elements of her claims. Faced with these evidentiary gaps, the circuit court correctly granted Dr. Landherr judgment as a matter of law. *Hamilton v. Allen*, 100 Ark. App. 240, 245-49, 267 S.W.3d 627, 631-34 (2007); *Short v. Little Rock Dodge, Inc.*, 297 Ark. 104, 106, 759 S.W.2d 553, 554 (1988).

Taylor's allegations against Sparks Medical Center also had to be supported by expert testimony. In her complaint, Taylor alleged that Sparks Medical Center failed to use ordinary care to determine her physical condition and to furnish her with the care and attention reasonably required by it. Further, she alleged that the hospital failed to monitor and supervise Dr. Landherr as he prepared his operative and discharge summaries. The jury would need to hear from a witness with specialized knowledge before it could determine the level of record-keeping oversight required in a hospital setting. The care reasonably required by her staph infection and wound complications are not within the common knowledge of most jurors either. *Skaggs, supra*. Taylor thus needed an expert to support her claims against the hospital, and it too was entitled to judgment as a matter of law because she offered no such proof. *Hamilton, supra*.

Taylor bases her negligence claims against the Foundation on a *respondeat superior* theory. She made no specific allegations against the Foundation, but asserted that Dr. Landherr and the other doctors were at all times acting in the scope of their authority as agents of the Foundation.

The Foundation was likewise entitled to summary judgment. It was undisputed that the Foundation was not incorporated until after the alleged malpractice occurred. Contrary to the circuit court's ruling, this fact is not dispositive. Taylor could have sued the Foundation as an unincorporated nonprofit association under Ark. Code Ann. § 4-28-506 (Repl. 2001). But she presented no evidence that the Foundation existed as an entity at

all when her surgery occurred in 1999. Moreover, the Foundation's liability was based solely on Landherr's and the other employees' acts and omissions. Because Taylor's claims against those defendants failed as a matter of law, her claims against the Foundation did too. *National Bank of Commerce v. HCA Health Services of Midwest, Inc.*, 304 Ark. 55, 58-59, 800 S.W.2d 694, 697 (1990).

Affirmed.

ROBBINS and GRIFFEN, JJ., agree.