# SUPREME COURT OF ARKANSAS
No. CV-14-816

| | |
|---|---|
| HAROLD W. PLANCHON<br>APPELLANT<br><br>V.<br><br>LOCAL POLICE & FIRE<br>RETIREMENT SYSTEM<br>APPELLEE | Opinion Delivered April 2, 2015<br><br>APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT<br>[NO. CV13-117-6]<br><br>HONORABLE MACKIE M. PIERCE, SPECIAL JUDGE<br><br>MOTION TO GRANT REVIVOR AND SUBSTITUTION DENIED; MOTION TO REMAND TO THE CIRCUIT COURT GRANTED. |

### RHONDA K. WOOD, Associate Justice

Harold Planchon filed an appeal with the Arkansas Court of Appeals.[1] The record was lodged in December 2013. However, Planchon died before the case was submitted. As a result, Planchon's attorney filed a motion for revivor and substitution, or, alternatively, to remand to the circuit court for entry of such an order. We accepted this motion as a separate case. Because there is no rule or statute in place that would allow this court to revive and substitute the appellant, we remand to the circuit court.

No court rule describes how to revive an action and substitute a party on appeal. Arkansas Rule of Civil Procedure 25 provides for the substitution of parties, but another

---

[1] Planchon had filed a petition for judicial review of an agency action under the Administrative Procedure Act. The agency in question—Arkansas Local Police and Retirement System—declined to treat Planchon's colon-cancer diagnosis as a "duty-related disability." The circuit court affirmed the Retirement System's decision, and Planchon appealed from that order.

rule states that the Rules of Civil Procedure "shall govern the procedure in circuit courts." Ark. R. Civ. P. 1 (2014). Counsel directs us to cases where either this court or the court of appeals has substituted a party on appeal. *See Sneed v. Sneed*, 172 Ark. 1135, 291 S.W. 999 (1927); *Anglin v. Cravens*, 76 Ark. 122, 88 S.W. 833 (1905); *Taylor v. Landherr*, 101 Ark. App. 279, 275 S.W.3d 656 (2008). In all of those cases, substitution was governed by statutes in effect at the time. *See Anglin*, 76 Ark. at 123, 88 S.W. at 834 (noting that a statute provided the court authority to revive the action in the name of a special administrator); *Taylor*, 101 Ark. App. at 283, 275 S.W.3d at 659 (applying Ark. Code Ann. section 16-62-106(a) to substitute the deceased appellee with a special administrator).

Act 1148 of 2013 repealed both of the statutes that would have allowed this court to revive and substitute a party without the necessity of a remand. Act of Apr. 11, 2013, No. 1148, 2013 Ark. Acts 4552. The first repealed statute, Ark. Code Ann. § 16-62-106(a), allowed "the court before which [a suit] is pending" to revive an action and substitute a special administrator to replace the deceased party:

> In all cases where suits may be instituted, and either plaintiff or defendant dies pending the suit or suits, it shall be lawful for the court before which the suit or suits are pending, on the motion of any party interested, to appoint a special administrator, in whose name the cause shall be revived. The suit or suits shall progress, in all respects in his or her name with the like effect as if the plaintiff or defendant, as the case may be, had remained in full life.

Ark. Code Ann. § 16-62-106(a) (Repl. 2005). According to Act 1148's language, section 16-62-106 was being repealed because it had been "superseded by Amendment 80 of the Arkansas Constitution and Rule 25 of the Arkansas Rules of Civil Procedure." *Id.* § 34. Similarly, the second repealed statute, Ark. Code Ann. § 16-67-322(a), provided that if all

of the appellants die before the appeal is decided, then the executor, administrator, or heirs can be substituted for the deceased appellant:

> If all the appellants or plaintiffs in error die after the appeal taken or writ or error brought and before judgment is rendered thereon, the executor or administrator of the last surviving appellant or plaintiff, or the heirs or devises of the appellant or plaintiff in cases where they would be entitled to bring writs of error or prosecute an appeal, may be substituted for the appellant or plaintiff and the cause shall proceed at their suit.

Ark. Code Ann. § 16-67-322(a) (Repl. 2005).

Because these statutes have been repealed and because we have no rule governing substitution on appeal, we deny the motion to grant revivor and substitution. We instead grant the motion in the alternative, and remand the case to the circuit court for Planchon's representatives to seek relief there. We acknowledge this may not be the most efficient process for this case, but we take this opportunity to refer the matter to the Supreme Court Committee on Civil Practice, who can take an in-depth look at whether amending the Rules of Appellate Procedure to account for situations like the present one would be appropriate.

Motion to grant revivor and substitution denied; motion to remand to the circuit court granted.

BAKER, J., concurs.

*Robert S. Tschiemer*, for appellant.

*Eichenbaum Liles, P.A.*, by:  *Richard L. Ramsay*, for appellee.