SLIP OPINION

Cite as 2016 Ark. 208

# SUPREME COURT OF ARKANSAS

IN RE RECOMMENDATIONS
OF THE COMMITTEE ON CIVIL
PRACTICE

**Opinion Delivered** May 12, 2016

**PER CURIAM**

The Arkansas Supreme Court Committee on Civil Practice submitted proposals for changes in rules affecting civil practice. We are publishing the following recommendations for comment.

1. Adoption of the Uniform Interstate Discovery and Deposition Act, new Rule of Civil Procedure 45.1

2. Amendment of Supreme Court Rule 4-6, Amicus Briefs

3. Technical correction to Rule of Appellate Procedure–Civil 2

4. Adoption of new rule to address substitution of parties on appeal, Rule of Appellate Procedure–Civil 12

The Reporter's Notes explain the changes, and the proposed changes are set out in "line-in, line-out" fashion (new material is underlined; deleted material is lined through).

We express our gratitude to the committee members for their work with respect to the rules. Comments on the suggested rule changes should be made in writing before June 20, 2016, and they should be addressed to: Stacey Pectol, Clerk, Supreme Court of Arkansas, Attn.: Civil Procedure Rules, Justice Building, 625 Marshall Street, Little Rock, Arkansas 72201.

**1. Arkansas Rules of Civil Procedure**

**Rule 45. Subpoena.**

. . . .

(f) ~~Depositions for Use in Out-of-State Proceedings. Any party to a proceeding pending in a court of record outside this state may take the deposition of any person who may be found within this state. A party who has filed a notice of deposition upon oral examination in an out-of-state proceeding, which complies with Rule 30(b), may file a certified copy thereof with the circuit clerk of the county in which the deposition is to be taken; whereupon, the clerk shall issue a subpoena in accordance with the notice. A deposition, including any subpoenas issued therefor, shall be subject to these rules as well as to any rule or statute creating a privilege or immunity from discovery. Any objection or motion for protective order with respect to the deposition shall be heard by a circuit judge of the county in which the deposition is to be taken.~~

(g) *Contempt.* When a witness fails to attend in obedience to a subpoena or intentionally evades the service of a subpoena by concealment or otherwise, the court may issue a warrant for arresting and bringing the witness before the court at a time and place to be fixed in the warrant, to give testimony and answer for contempt.

**Reporter's Notes (20__ Amendments).** Subdivision (f), "*Depositions for Use in Out-of-State Proceedings*," was deleted and replaced with new Rule 45.1. The last subdivision, *"Contempt,"* was redesignated as (f).

**RULE 45.1. Subpoena for Interstate Depositions and Discovery**.

(a) *Purpose*. This rule governs depositions and discovery conducted in Arkansas in connection with a civil action pending in another state.

(b) *Definitions*.

(1) "Foreign jurisdiction" means a state other than Arkansas.

(2) "Foreign subpoena" means a subpoena issued under authority of a court of record of a foreign jurisdiction.

(3) "Person" means an individual, corporation, business trust, estate, trust, partnership, limited liability company, association, joint venture, public corporation, government, or governmental subdivision, agency or instrumentality, or any other legal or commercial entity.

(4) "State" means a state of the United States, the District of Columbia, Puerto Rico, the United States Virgin Islands, a federally recognized Indian tribe, or any territory or insular possession subject to the jurisdiction of the United States.

(5) "Subpoena" means a document, however denominated, issued under authority of a court of record requiring a person to:

(A) attend and give testimony at a deposition; or

(B) produce and permit inspection and copying of designated books, documents, records, electronically stored information, or tangible things in the possession, custody, or control of the person.

SLIP OPINION

(c) *Issuance of Subpoena for Interstate Depositions and Discovery*.

(1) To request issuance of a subpoena under this rule, a party must submit a foreign subpoena to the circuit clerk in the county in which discovery is sought to be conducted. A request for the issuance of a subpoena under this rule does not constitute an appearance in the courts of this state.

(2) When a party submits a foreign subpoena to a circuit clerk, the clerk, in accordance with the court's procedure, shall promptly issue a subpoena for service upon the person to which the foreign subpoena is directed. At the time of issuance of the subpoena, the circuit clerk shall not open a case and shall not collect a fee other than that provided by Ark. Code Ann. Section 21-6-402(b)(1). Return or proof of service shall not be made to the circuit clerk but to the attorney who requested the subpoena, and he or she shall retain it and furnish a copy to any party or to the deponent upon request.

(3) The person to whom the subpoena is directed may within ten days after the service or on or before the time specified in the subpoena for compliance if such time is less than ten days, serve upon the attorney causing the subpoena to be issued written objection to the subpoena or discovery sought. If objection is made, the party who requested the subpoena shall not be entitled to proceed with the deposition or discovery except pursuant to an order of the court. Upon an objection, the party who requested the subpoena may move to enforce the subpoena by filing a motion, with notice to the subject of the subpoena, for an order to enforce the subpoena and proceed with discovery. The motion shall be filed with the circuit clerk. Upon the filing of the motion, the circuit clerk shall assign the matter a case number

and collect the applicable fee. An application under subdivision (f) of this rule for a protective order or to quash or modify the subpoena shall be filed and heard in this case, and no additional fees shall be assessed.

(4) A subpoena under subdivision (c)(2) of this rule must:

(A) conform to the requirements of Rule 45, including the approved Form of Subpoena and Notice to Person Subject to Subpoenas, but may otherwise incorporate the terms used in the foreign subpoena so long as they conform to these rules; and

(B) contain or be accompanied by the names, addresses, and telephone numbers of all counsel of record in the proceeding to which the subpoena relates and of any party not represented by counsel.

(d) *Service of Subpoena*. A subpoena issued under subdivision (c) of this rule must be served in compliance with Rule 45(c).

(e) *Deposition, Production, and Inspection*. Provisions of these rules, including Rule 26.1 (j), Rule 34, and Rule 45 (b) and (e), relating to compliance with subpoenas to attend and give testimony, produce designated books, documents, records, electronically stored information, or tangible things apply to subpoenas issued under subdivision (c) of this rule.

(f) *Application to Court*. An application to the court for a protective order or to enforce, quash, or modify a subpoena issued under subdivision (c) of this rule must comply with these rules, including Rule 26 (c), and Rule 45 (b) and (e), and be submitted to the court in the county in which discovery is to be conducted.

**Reporter's Notes (20__).** Rule 45 (f), *"Depositions for Use in Out-of-State Proceedings,"* was replaced with new Rule 45.1. This new procedure is based on the Uniform Interstate Depositions and Discovery Act that was adopted by the National Conference of Commissioners of Uniform State Laws in 2007.

Rule 45.1 is limited to discovery in state courts, the District of Columbia, Puerto Rico, the United States Virgin Islands, and the territories of the United States, but does not extend to include foreign countries.

Arkansas's adoption of the uniform provision does not include section (2)(5)(C) ("permit inspection of premises under the control of the person") in light of Ark. R. Civ. P. 34 (c).

The Uniform Law Commission describes the use of the procedure by way of an example in which a case filed in Kansas (the trial state) has a witness to be deposed that lives in Arkansas (the discovery state). A lawyer in the Kansas case will issue a subpoena in Kansas. That lawyer will then prepare an Arkansas subpoena that has the same terms as the Kansas subpoena. The lawyer will present the completed and issued Kansas subpoena and the Arkansas subpoena to the clerk in Arkansas. The Arkansas clerk, upon being given the Kansas subpoena, will then issue the Arkansas subpoena. The Arkansas subpoena will be served on the deponent in accordance with Arkansas law. The advantages of this process are readily apparent. The only documents that need to be presented to the Arkansas clerk are the subpoena issued in the trial state and the draft Arkansas subpoena. There is no requirement to hire local counsel to have the subpoena issued in Arkansas, and there is no need to present

SLIP OPINION

the matter to a judge before the subpoena can be issued. In effect, the Arkansas clerk simply reissues the subpoena of the trial state, and the new subpoena is then served on the deponent. Nothing in this rule limits any party from applying for appropriate relief in the trial state. Applications to the court that affect only the parties to the action can be made in the trial state and would presumably be made and ruled on before the deposition subpoena is ever presented to the clerk in Arkansas. The issuance of the Arkansas subpoena invokes Arkansas jurisdiction in order to: enforce the subpoena; quash or modify the subpoena; issue any protective order or resolve any other dispute relating to the subpoena; and impose sanctions. The discovery to be conducted in Arkansas must comply with the laws of Arkansas, which has a significant interest in protecting its residents who become non-party witnesses in an action pending in a foreign jurisdiction from any unreasonable or unduly burdensome discovery request. Any application to the Arkansas court relating to the discovery must comply with the law of Arkansas, including Arkansas's law governing lawyers appearing in its courts. This rule does not change existing state rules governing out-of-state lawyers appearing in its courts.

Subsections (c)(2) and (3) address when a case is opened under this rule. In the routine case, a file is not opened, and the only fee charged is the fee under Ark. Code Ann. Section 21-6-402(b)(1). In the event the person to whom the subpoena is directed makes an objection, and the party requesting the subpoena wants to enforce the subpoena, then the party seeking to enforce the subpoena opens a case with the circuit clerk, a case number is assigned, and the applicable filing fee under Ark. Code Ann. Section 21-6-403 is assessed.

## 2. Rules of the Supreme Court and Court of Appeals

~~Rule 4-6. Amici Curiae Attorneys.~~

~~(a) Briefs. Amici Curiae attorneys may file briefs with the permission of the Court. The motion for permission should state the reasons why such a brief is thought to be necessary. If the amicus brief supports the appellant's position or is neutral, it is due at the same time as the appellant's brief; if it supports the appellee's position, it is due at the same time as the appellee's brief.~~

~~(b) Oral arguments. Amici Curiae attorneys will not be permitted to participate in oral arguments.~~

~~(c) Petitions for rehearing. Amici Curiae attorneys will not be permitted to file a petition for rehearing in their own names and may participate only by first securing permission of the regular attorneys or of the Court to join in the motion or brief.~~

## Rule 4-6. Amici Curiae Briefs.

(a) *Permission required; Scope limited*. Briefs of amici curiae may be filed only with permission of the court, obtained on motion as provided in this rule. The briefs shall be limited to matters in the record on appeal and shall address only the issues raised by the parties at the appellate level. No new issues shall be introduced.

(b) *Motion for permission; How and when filed*. (i) A motion for permission to file an amicus brief shall be filed at any time after the filing of the appellee's brief but no later than the day that

the appellant's reply brief is due. It shall not exceed five double–spaced typewritten pages and shall not include a memorandum of authorities but shall otherwise comply with Rule 2-1.

(ii) The motion shall be accompanied by the proposed amicus brief and shall state whether the brief supports the appellant's or appellee's position or is neutral.

(iii) The motion shall specify the nature of the movant's interest and set forth with particularity the reasons why the amicus brief is necessary. The motion shall contain the following statement: "The movant has read the briefs of the appellant and appellee, and the amicus brief is necessary to address the following issue(s): _____ *[list issue(s).]*"

(c) *Disclosures*. A brief filed under this rule shall indicate: (i) whether counsel for a party authored the brief in whole or in part, and (ii) whether such counsel or a party made a monetary contribution intended to fund the preparation or submission of the brief or otherwise collaborated in the preparation or submission of the brief. It also shall identify every person or entity, other than the amicus curiae, its members, or its counsel, who made such monetary contribution to the brief or collaborated in its preparation. These disclosures shall be made in an unnumbered footnote on the first page of the argument section of the brief.

(d) *Oral arguments*. Attorneys for amici curiae will not be permitted to participate in oral arguments.

(e) *Petitions for rehearing*. Attorneys for amici curiae will not be permitted to file a petition for rehearing or to join in the petition of a party.

**Reporter's Notes (_____ amendment)**: *See Ferguson v. Brick*, 279 Ark. 168, 649 S.W. 2d 397 (1983)(Amicus briefs are limited to the facts proven at trial and the points raised by the parties on appeal, and the movant seeking permission to file the brief must show why it is necessary.)

This rule was rewritten in 20__. The revised rule changes the time to file the motion until after the appellee's brief is filed (paragraph b). The movant must set out why the amicus brief is necessary. In addition, paragraph (c) requires certain disclosures to be made.

### 3. Rules of Appellate Procedure–Civil

### Rule 2. Appealable Matters; Priority.

(a) An appeal may be taken from a circuit court to the Arkansas Supreme Court from: (1) A final judgment or decree entered by the circuit court; (2) An order which in effect determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action; (3) An order which grants or refuses a new trial; (4) An order which strikes out an answer, or any part of an answer, or any pleading in an action; (5) An order which vacates or sustains an attachment or garnishment; (6) An interlocutory order by which an injunction is granted, continued, modified, refused, or dissolved, or by which an application to dissolve or modify an injunction is refused; (7) An interlocutory order appointing a receiver, or refusing to wind up a pending receivership or to take the appropriate steps to accomplish the purposes thereof, such as directing a sale or other disposal of property held thereunder; (8) An order which disqualifies an attorney from further participation in the case; (9) An order granting or

denying a motion to certify a case as a class action in accordance with Rule 23 of the Arkansas Rules of Civil Procedure; (10) An order denying a motion to dismiss or for summary judgment based on the defense of sovereign immunity or the immunity of a government official; (11) An order or other form of decision which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties in a case involving multiple claims, multiple parties, or both, if the circuit court has directed entry of a final judgment as to one or more but fewer than all of the claims or parties and has made an express determination, supported by specific factual findings, that there is no just reason for delay, and has executed the certificate required by Rule 54(b) of the Rules of Civil Procedure;

(12) An order appealable pursuant to any statute in effect on July 1, 1979, including Ark. Code Ann. § ~~16-108-219~~ 16-108-228 (formerly §16-108-219) (an order denying a motion to compel arbitration or granting a motion to stay arbitration, as well as certain other orders regarding arbitration) and 28-1-116 (all orders in probate cases, except an order removing a fiduciary for failure to give a new bond or render an accounting required by the court or an order appointing a special administrator); and

 (13) A civil or criminal contempt order, which imposes a sanction and constitutes the final disposition of the contempt matter.

. . . .

**Reporter's Notes (20__ Amendment).** Act 695 of 2011 completely revised the Uniform Arbitration Act, and the appeals provision, formerly appearing at Ark. Code Ann. §16–108–

219, was recodified at §16-108-228. Subsection (a) (12) of the rule was amended to reflect this change.

**4. Rules of Appellate Procedure–Civil**

**Rule 12. Substitution of Parties.**

(a) *Death of party*. (1) If a party dies before the record has been filed in the appellate court or the appellate court has otherwise acquired jurisdiction of the case, substitution of parties is governed by Rule 25 of the Rules of Civil Procedure.

(2) If a party dies after the appellate court acquires jurisdiction of the case, the decedent's personal representative may be substituted as a party on motion filed with the Clerk of the Supreme Court and Court of Appeals by the personal representative, by any party, or by the attorney for the deceased party. The motion of a party or of the attorney for the deceased party must be served on the representative. If there is no personal representative of the deceased party, any party or the attorney for the deceased party may suggest the death on the record, and, unless within 90 days after the death is suggested on the record a motion is filed to substitute the deceased party's heirs, devisees, personal representative, or special administrator, the court may take appropriate action, including dismissal of the appeal as to the deceased party.

(b) *Transfer of interest*. If an interest of a party is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party.

(c) *Incompetency*. If a party becomes incompetent, the court may, on motion, permit the action to be continued by or against the party's representative.

(d) *Public Officers; Death or Separation from Office*. (1) When a public officer is a party to an action in his or her official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party. Proceedings following the substitution shall be in the name of the substituted party, but any misnomer not affecting the substantial rights of the parties shall be disregarded. An order of the substitution may be entered at any time, but the omission to enter such an order shall not affect the substitution.

(2) When a public officer sues or is sued in his or her official capacity, the officer may be described as a party by the officer's official title rather than by name; but the court may require that the officer's name be added.

**Reporter's Notes (20__):** Following the decision in *Planchon v. Local Police and Fire Retirement System*, 2015 Ark. 131, this rule was adopted to create a procedure for substitution of parties on appeal. This rule borrows from provisions in Federal Rule of Appellate Procedure 43 and Arkansas Rule of Civil Procedure 25.